John N. Zarian, USB No. 13454
Christopher J. Cuneo, (*Pro Hac Vice Pending*)
PARSONS BEHLE & LATIMER
960 Broadway Avenue, Suite 250
Boise, Idaho 83706
Telephone:  (208) 562-4900
Facsimile:  (208) 562-4901
Email:  jzarian@parsonsbehle.com
            ccuneo@parsonsbehle.com

Attorneys for Defendant
IKANO Communications, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| BRANDYWINE COMMUNICATIONS TECHNOLOGIES, LLC,<br><br>             Plaintiff,<br><br>v.<br><br>IKANO COMMUNICATIONS, INC.,<br><br>             Defendant. | Case No. 2:12-CV-1214-DN<br>District Judge David Nuffer<br><br>**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |

Defendant IKANO Communications, Inc. ("IKANO"), pursuant to Fed. R. Civ. P. 12(b)(6) and DUCivR 7-1, respectfully moves this Court for an Order dismissing Plaintiff Brandywine Communications Technologies, LLC's ("Plaintiff or Brandywine") Complaint for Patent Infringement ("Complaint"), filed on December 28, 2012 (Dkt. No. 2).  Plaintiff's Complaint fails to state plausible claims for direct infringement, active inducement of infringement, and contributory infringement against IKANO and should be dismissed.  This motion is based on the Memorandum of Points and Authorities below, the pleadings on file in this case, and upon such other matters as may be presented to the Court at the time of hearing.

DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM - 1

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION.................................................................................................... 1 | |
| II. | BACKGROUND – THE COMPLAINT ................................................................. 2 | |
| | A. | Brandywine's Legally Defective Claims for Direct Infringement ......... 2 |
| | B. | Brandywine's Legally Defective Claims for Actively Inducing Infringement................................................................................................. 3 |
| | C. | Brandywine's Legally Defective Claims for Contributory Infringement.............. 4 |
| III. | THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE CLAIMS OF DIRECT INFRINGEMENT, INDUCING INFRINGEMENT, AND CONTRIBUTORY INFRINGEMENT................................................................ 5 | |
| | A. | Brandywine's Pleading Requirements.................................................. 5 |
| | B. | Brandywine has Failed to State a Plausible Claim of Direct Infringement ........... 6 |
| | C. | Brandywine has Failed to State a Plausible Claim of Active Inducement ............ 8 |
| | | 1. The Complaint Fails to Identify the Alleged Direct Infringement ............ 8 |
| | | 2. The Complaint Fails to State a Plausible Claim of Specific Intent to Induce Infringement............................................................................... 10 |
| | D. | Brandywine has Failed to State a Plausible Claim of Contributory Infringement........................................................................................... 12 |
| IV. | CONCLUSION ............................................................................................... 14 | |

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Air Vent, Inc. v. Owens Corning Corp.*,
    02:10-CV-01699, 2011 WL 2601043 (W.D. Pa. June 30, 2011) ..............................................9

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
    365 U.S. 336 (1961)................................................................................................................13

*Ashcroft v. Iqbal*,
    129 S.Ct. 1937 (2009).................................................................................5, 6, 10, 12, 13, 14

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)..................................................................................................5, 9, 12, 13, 14

*Catheter Connections, Inc. v. Ivera Med. Corp.,*
    2:12-CV-748, 2012 WL 4341743 (D. Utah Sept. 21, 2012)..................................................6, 7

*Discflo Corp. v. Am. Process Equip., Inc.*,
    11CV00476 BTM RBB, 2011 WL 6888542 (S.D. Cal. Dec. 29, 2011) ................................11

*Driessen v. Sony Music Entm't*,
    2:09-CV-0140-CW, 2012 WL 5293039 (D. Utah Oct. 23, 2012) .......................................6, 13

*DSU Med. Corp. v. JMS Co.*,
    471 F.3d 1293 (Fed. Cir. 2006) (*en banc*) ...............................................................................10

*IpVenture, Inc. v. ASUS Computer Intl.,* 12-cv-04143
    (N.D. Cal. Jan. 30, 2013) .........................................................................................................6

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, 6:12-cv-366
    (E.D. Tex. Feb. 7, 2013) ....................................................................................................10, 12

*Global-Tech Appliances, Inc. v. SEB S.A.,*
    131 S.Ct. 2060 (2011)........................................................................................................10, 11

*Guzik Technical Enterprises, Inc. v. W. Digital Corp.*,
    11-CV-03786-PSG, 2012 WL 1669355 (N.D. Cal. May 11, 2012) .......................................11

*In re Bill of Lading Transmission and Processing System Patent Litigation,*
    681 F.3d 1323 (Fed. Cir. 2012)...............................................................................6, 8, 9, 12

*Khalik v. United Air Lines*,
    671 F.3d 1188 (10th Cir. 2012) ................................................................................................5

DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM - 1

*Medsquire LLC v. Spring Med. Sys. Inc.*,
  2:11-CV-04504-JHN, 2011 WL 4101093 (C.D. Cal. Aug. 31, 2011)......................................9

*Prism Technologies, LLC v. AT&T Mobility, LLC*,
  8:12-cv-122, 2012 WL 3867971 (D. Neb. Sept. 6, 2012) ..........................................................6

*Radiation Stabilization Solutions, Inc. v. Varian Med. Sys., Inc.*,
  11 C 7701, 2012 WL 3757489 (N.D. Ill. Aug. 28, 2012)............................................................7

*Symantec Corp v. Computer Assocs. Int'l, Inc.*,
  522 F.3d 1279 (Fed. Cir. 2008)..................................................................................................8

*Vita-Mix Corp. v. Basic Holding, Inc.*,
  582 F.3d 1317 (Fed. Cir. 2009)................................................................................................11

*Ziptronix, Inc. v. Omnivision Technologies, Inc.*,
  C 10-5525 SBA, 2011 WL 5416187 (N.D. Cal. Nov. 8, 2011)..................................................7

**STATUTES**

35 U.S.C. § 271(a) ...........................................................................................................................6

35 U.S.C. § 271(b) ...............................................................................................................3, 4, 8, 11

35 U.S.C. § 271(c) ..............................................................................................................4, 5, 12, 14

**OTHER AUTHORITIES**

FED. R. CIV. P. 8................................................................................................................................5, 14

FED. R. CIV. P. 12(b)(6) ................................................................................................................1,5,7,9

FED. R. CIV. P. Rule 11 .......................................................................................................................8

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   **INTRODUCTION**

Brandywine's Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for at least two reasons.

First, the Complaint fails to state a plausible claim for direct patent infringement against IKANO. For example, Brandywine accuses IKANO of infringing six patents but fails to identify which of the 92 claims of those patents IKANO allegedly infringes or how Brandywine allegedly infringes any of those claims. In addition, Brandywine fails to identify a single infringing product made, used, or sold by IKANO and fails to identify any method that IKANO allegedly performed that falls within the scope of any of the 92 claims. Instead, Brandywine merely alleges that IKANO, "*upon information and belief*" infringes "one or more claims" of the six patents by "making using, selling, and/or offering for sale *services and products* that infringe and/or perform processes that infringe." Brandywine's conclusory allegations of direct infringement are insufficient to state a plausible claim for direct infringement.

Second, Brandywine has failed to plead facts to state plausible claims for active inducement of infringement or contributory infringement. The Complaint fails to identify who directly infringed the six patents-in-suit, how such infringement was accomplished, or what actions IKANO took that create a plausible claim that IKANO affirmatively intended others to infringe the patents. In addition, the Complaint includes no facts to permit even an inference that IKANO made, used, or sold a product specifically designed to infringe the 92 claims of the six patents-in-suit or that such products have no use other than to infringe those claims. Plaintiff's failure to plead these basic facts is fatal to its claims for inducement and contributory infringement.

Brandywine's fact-barren Complaint makes it impossible for IKANO to respond and take the necessary steps to protect its interests. IKANO must have an adequate opportunity to investigate the allegations, identify potential witnesses with relevant information, make informed decisions regarding document preservation, and determine its rights with respect to

DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM - 1

indemnification. Without including a set of facts sufficient to establish a plausible basis for its infringement claims, Brandywine has failed to state a viable claim against IKANO, and the entire Complaint should be dismissed.

## II.   BACKGROUND – THE COMPLAINT

### A.   Brandywine's Legally Defective Claims for Direct Infringement

Brandywine avers that IKANO, "upon information and belief," has infringed claims of each of the following six patents (collectively, the "Patents-in-Suit"):

1. U.S. Patent No. 5,206,854 (the "'854 Patent"), entitled "Detecting Loss of Echo Cancellation";

2. U.S. Patent No. 5,251,328 (the "'328 Patent), entitled, "Predistortion Technique for Communications Systems";

3. U.S. Patent No. 5,812,537 (the "'537 Patent"), entitled "Echo Cancelling Method and Apparatus for Data Over Cellular";

4. U.S. Patent No. 5,828,657 (the "'657 Patent"), entitled "Half-Duplex Echo Canceler Training Using a Pilot Signal";

5. U.S. Patent No. 6,970,501 (the "'501 Patent"), entitled "Method and Apparatus for Automatic Selection and Operation of a Subscriber Line Spectrum Class Technology"; and

6. U.S. Patent No. 7,894,472 (the "'472 Patent"), entitled "Method and Apparatus for Automatic Selection and Operation of a Subscriber Line Spectrum Class Technology.

(Complaint ¶¶ 16, 21, 26, 36, 46, 54.)

Brandywine's direct infringement allegations, which are virtually identical for each of the Patents-in-Suit, state as follows:

> Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the [] Patent in this judicial district and elsewhere by making, using, selling, and/or offering for sale services and products that infringe and/or perform

       processes that infringe one or more claims of the [] Patent ("Accused Services and Products for the [] Patent").

(*Id*.)[1] The Complaint does not identify or define the "Accused Services and Products." Instead, it alleges, "upon information and belief," that the "Accused Services and Products" that allegedly infringe the '854 and '328 Patents "include but are not limited to Defendant's DSL service and equipment." (*Id*. at ¶¶ 17, 22.) As to the '537, '657, '501, and '472 patents, Brandywine alleges (also "upon information and belief"), that the "Accused Services and Products … include but are not limited to Defendant's DSL service, modems, and equipment." (*Id*. at ¶ 27, 37, 47, 55.)

These vague allegations are insufficient to place IKANO on notice of how it allegedly infringed the 92 claims of the Patents-in-Suit.

    **B.    Brandywine's Legally Defective Claims for Actively Inducing Infringement**

Brandywine alleges that IKANO actively induced others to infringe unidentified claims of the '537, '657, '501, and '472 patents. (Complaint ¶¶ 31-32, 41-42, 49-50, 57-58.) For example, the Complaint contains the following allegations in support of Brandywine's claim that IKANO actively induced infringement of the '537 Patent:

> 31. Upon information and belief, since at least the time it received Brandywine's December 10, 2012 notice letter, Defendant has induced and continues to induce others to infringe at least one claim of the '537 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendants' partners and customers, whose use of the Accused Services and Products constitutes direct infringement of at least one claim of the '537 Patent.
>
> 32. In particular, Defendants' actions that aid and abet others such as its partners and customers to infringe include advertising and distributing the Accused Services and Products and providing instruction materials, training, and consulting services regarding the Accused Services and Products. On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting

---

[1] Brandywine does not allege that IKANO "continues to infringe" any claims of the '854 and '328 patents. Each of those patents issued in 1993 and are expired.

(Complaint ¶¶ 31, 32.)  The Complaint includes identical allegations of inducement of the '657, '501 and '472 Patents.  (Complaint ¶¶ 41-42, 49-50, 57-58.)

These allegations do not identify facts sufficient to support the plausibility of each of the essential elements of a claim for inducing infringement under 35 U.S.C. § 271(b).  Specifically, the allegations (1) fail to identify who was induced to directly infringe the patents; (2) fail to include a plausible set of facts to allow the Court to infer that IKANO specifically intended for others to infringe the patents; and (3) fail to identify the "advertising … instruction materials, training, and consulting services," that IKANO allegedly used to actively induce others to infringe the '537, '657, '501, and '472 patents.

### C. Brandywine's Legally Defective Claims for Contributory Infringement

Brandywine alleges, "upon information and belief," that IKANO contributed to the infringement of (unidentified) claims of the '537 and '657 patents.  (Complaint ¶¶ 29-30, 39-40.)  The Complaint contains the following allegations in support of Brandywine's claim for contributory infringement of the '537 patent:

> 29.    Upon information and belief, since at least the time it received Brandywine's December 10, 2012 notice letter, Defendant has committed and continues to commit acts of contributory infringement of the '537 Patent under 35 U.S.C. § 271(c) by providing products, including the Accused Services and Products to others, including but not limited to its customers and partners, knowing or willfully blind to the fact that that [sic] these products constitute a material part of the invention, where especially made or especially adapted for use in an infringement of the '537 Patent, and have no substantial non-infringing uses.
>
> 30.    In particular, the Accused Services and Products include DSL modems, which constitute an especially adapted component to receive Defendant's DSL service.  These modems are used by Defendants' partners and customers to perform all of the steps recited in one claim of the '537 Patent.  These modems have no substantial non-infringing uses at least because they contain components whose only purpose is to practice the claimed method of providing the infringing DSL service.  The use of these modems by Defendants' partners and customers constitutes direct infringement of at least one claim of the '537 Patent.  Defendant has known or remained willfully blind to these facts since at least the date it received the notice letter from Brandywine notifying Defendant that such activities infringed the '537 Patent.

(Complaint ¶¶ 29-30.) The Complaint includes identical allegations of contributory infringement of the '657 Patent. (Complaint ¶¶ 39-40.)

Like its claims for inducement, Brandywine's claims for contributory infringement fail to state facts sufficient to support the plausibility of each of the necessary elements of a claim for contributory infringement under 35 U.S.C. § 271(c). First, the allegations fail to identify the direct infringement, including who allegedly infringed claims of the '537 and '657 patents or how a third party infringed any of the 31 claims of those patents. Second, these allegations include no facts to support a plausible claim that IKANO knowingly made or adapted its "Accused Services and Products" to infringe the '537 and '657 Patents. Third, the Complaint includes no facts to support a plausible claim that IKANO's "Accused Services and Products" have no substantial non-infringing use.

### III. THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE CLAIMS OF DIRECT INFRINGEMENT, INDUCING INFRINGEMENT, AND CONTRIBUTORY INFRINGEMENT

#### A. Brandywine's Pleading Requirements

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A district court must dismiss a complaint under Federal Rule of Procedure 12(b)(6) if it fails to state such a claim. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012).

In addition, a plaintiff must plead "factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged," but this tenet is "inapplicable to legal conclusions." *Iqbal,* 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action supported by mere conclusory statements do not suffice." *Id.* In addition, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* This

plausibility standard "is not akin to a probability requirement but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 1950.

### B. Brandywine has Failed to State a Plausible Claim of Direct Infringement.

The Complaint fails to set forth a plausible claim that IKANO directly infringed the Patents-in-Suit under 35 U.S.C. § 271(a). To survive dismissal, Brandywine's claims for direct infringement must include the basic elements set forth in Form 18 from the Appendix of Forms following the Federal Rules of Civil Procedure, including "a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent.'" *In re Bill of Lading Transmission and Processing System Patent Litigation,* 681 F.3d 1323, 1334 (Fed. Cir. 2012). The Complaint fails to meet this minimal standard and fails to include even the most basic facts to put IKANO on notice of Brandywine's claims.

Several courts, including this Court, have granted motions to dismiss claims for direct infringement similar to Brandywine's.[2] For example, this Court has held that a complaint that contains "no identifying information such as the name or model number of the allegedly infringing device" fails to state a plausible claim for direct infringement. *Catheter Connections, Inc. v. Ivera Med. Corp.,* 2:12-CV-748, 2012 WL 4341743, *1 (D. Utah Sept. 21, 2012). In that case, the complaint alleged, "upon information and belief," that the defendant (Ivera) directly infringed a patent by selling, and using products "including the Ivera Cap." *Id*. The complaint, however, failed to include "any factual allegations to describe the technology employed by Ivera in the "Ivera Cap" and, therefore, failed to state a plausible claim for direct infringement. *Id.*; c*f. Driessen v. Sony Music Entm't*, 2:09-CV-0140-CW, 2012 WL 5293039, *3 (D. Utah Oct. 23,

---

[2] *E.g*., Exhibit 1, *IpVenture, Inc. v. ASUS Computer Intl.,* 12-cv-04143 (N.D. Cal. Jan. 30, 2013) (complaint that did not identify a particular accused product, product line, or component dismissed for failure to state claim of direct infringement); *Prism Technologies, LLC v. AT&T Mobility, LLC*, 8:12-cv-122, 2012 WL 3867971, *5 (D. Neb. Sept. 6, 2012) (complaint directed to defendant's "various wireless products and data services" dismissed for failure to state claim for direct infringement).

2012) (distinguishing *Catheter Connections* and denying motion to dismiss claims for direct patent infringement where complaint specifically identified the accused products.)

Here, like the complaint dismissed in *Catheter Connections*, Brandywine's claims for direct infringement are based solely "on information and belief" and fail to include any factual allegations to describe how IKANO allegedly infringed any of the 92 claims of the Patents-in-Suit. Like the defective complaint in *Catheter Connections*, Brandywine's Complaint fails to identify the name, model number, or type of any of the "Accused Services and Products." (*See* Complaint ¶¶ 16-17, 21-22, 26-27, 36-37, 46-47, 54-55.) Instead, Brandywine uses the qualifier "including but not limited to" with every reference to the "Accused Services and Products," making it impossible for IKANO to understand Brandywine's allegations. *See Radiation Stabilization Solutions, Inc. v. Varian Med. Sys., Inc.*, 11 C 7701, 2012 WL 3757489, *2 (N.D. Ill. Aug. 28, 2012) (dismissing claim for direct infringement for failure to state a claim because "[I]t is far from obvious from the Complaint that [the two accused products] are the sole products at issue, given [plaintiff's] continued use of the 'at least' qualifier before every mention of one of the two specific products.")

Nor does the Complaint identify any facts to plausibly suggest that IKANO performed any of the methods claimed in the Patents-in-Suit. Indeed, to state a claim for direct infringement of a method claim sufficient to meet the requirements of Rule 12(b)(6), Brandywine must identify the activities of IKANO that allegedly satisfied every step of Brandywine's claimed methods. *See, e.g., Ziptronix, Inc. v. Omnivision Technologies, Inc.*, C 10-5525 SBA, 2011 WL 5416187, *4 (N.D. Cal. Nov. 8, 2011) (holding that "with a method patent infringement claim, to properly allege 'use' of the patent, the patentee must identify the steps of the claimed infringing process that allegedly violated the protected method and must allege that all the protected steps have been used by the infringer."). Brandywine's Complaint fails to identify such activities and fails to identify which of the methods claimed in the six Patents-in-Suit IKANO allegedly performed.

Whether IKANO made, used, or sold specific products or performed particular methods covered by the Patents-in-Suit are basic questions that Brandywine presumably investigated before filing its Complaint to satisfy its Rule 11 obligations. There is no reason for Brandywine to exclude this basic information, which must be included in the Complaint for Brandywine to state a claim for patent infringement. For these reasons, the Complaint should be dismissed for failure to state a claim for direct infringement.

### C.     Brandywine has Failed to State a Plausible Claim of Active Inducement.

To succeed on its claims of active inducement under 35 U.S.C. § 271(b), Brandywine must first show that a third party directly infringed one or more claims of the '537, '657, '501, and '472 patents. *Bill of Lading*, 681 F.3d at 1337 ("it is axiomatic that there can be no inducement or contributory infringement without an underlying act of direct infringement."). Brandywine then must show that IKANO "knowingly induced infringement and possessed specific intent to encourage another's infringement." *Symantec Corp v. Computer Assocs. Int'l, Inc.*, 522 F.3d 1279, 1292 (Fed. Cir. 2008) (citations and internal quotations omitted). "To survive [a] motion to dismiss, therefore, [the] complaint [] must contain facts plausibly showing that [defendants] specifically intended their customers to infringe the … patent and knew that the customer's acts constituted infringement." *Bill of Lading*, 681 F.3d at 1339.

Here, the Complaint fails to identify any direct infringement and fails to include any facts to plausibly suggest that IKANO knowingly induced infringement and acted with specific intent to encourage others to infringe the Patents-in-Suit. Accordingly, Brandywine's allegations of induced infringement do not provide the detail necessary to satisfy *Iqbal*'*s* "plausibly" standard, and the Complaint should be dismissed.

#### 1.     *The Complaint Fails to Identify the Alleged Direct Infringement.*

The Complaint fails to set forth the basic allegations required to state a plausible claim that a third party directly infringed any claim of the Patents-in-Suit. Dismissal of the Complaint is appropriate under such circumstances. For example, in *Duhn Oil Tool, Inc. v. Cooper*

*Cameron Corp.*, CV-F-05-1411 OWW/GSA, 2010 WL 2354411, *5 (E.D. Cal. June 9, 2010) the court granted a motion to dismiss under Rule 12(b)(6) because the plaintiff's claim for induced infringement failed to identify (1) the identities of any third-party infringers; (2) how the infringement is or was accomplished; and (3) the "specific conduct by [defendant] which invites third parties to directly infringe." *See also Medsquire LLC v. Spring Med. Sys. Inc.*, 2:11-CV-04504-JHN, 2011 WL 4101093, *4 (C.D. Cal. Aug. 31, 2011) (dismissing claims for direct and indirect infringement, noting that allegations should include, "at a minimum," description of how infringement occurred); *Air Vent, Inc. v. Owens Corning Corp.*, 02:10-CV-01699, 2011 WL 2601043, *4 (W.D. Pa. June 30, 2011) (dismissing claim for inducement where complaint did not aver any facts "as to why or how such purchasers or users would be direct infringers").

Here, like the complaint dismissed in *Duhn Oil*, Brandywine's Complaint fails to identify *who* directly infringed the Patents-in-Suit and *how* the infringement was accomplished. While a claim for induced infringement need not specifically identify the direct infringer, it must include "facts sufficient to allow an inference that at least one direct infringer exists." *Bill of Lading*, 681 F.3d at 1336. Brandywine's Complaint includes no plausible facts to allow the Court to make such an inference and requires the Court and IKANO to speculate as to whose direct infringement IKANO allegedly induced. (Complaint ¶¶ 31, 41, 49.)   Brandywine's bare allegation that IKANO, "on information and belief" acted "with specific intent to cause infringement or with willful blindness to the resulting infringement," (Complaint ¶¶ 32, 42, 50), does not contain any factual allegation that could plausibly support an inference of intent, and is precisely the type of "formulaic recitation of a cause of action's elements" that the Supreme Court held insufficient in *Twombly*.  550 U.S. at 555.

In addition, the Complaint fails to identify *what* IKANO allegedly did to actively induce the infringement.  Instead, Brandywine baldly asserts "on information and belief" that IKANO "advertis[ed] and distribut[ed] the Accused Services and Products and provid[ed] instruction materials, training, and consulting services regarding the Accused Services and Products." (Complaint ¶¶ 32, 42, 50.)   But the Complaint fails to identify any of these advertisements,

instruction materials, training and consulting services. Nor does the Complaint include any facts to explain how IKANO allegedly used these *unidentified* advertisements, instruction materials, training and consulting services to induce the *unidentified* third parties to infringe *unidentified* claims of the '537, '657, '501, and '472 patents. These omissions are fatal to Brandywine's claims for induced infringement. *See* Exhibit 2, *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, 6:12-cv-366 (E.D. Tex. Feb. 7, 2013), *adopted* March 6, 2013 (recommended dismissal of inducement claim because allegation that defendant "'supplie[d]' infringing systems and components and provide[d] 'instructions' to its customers who allegedly infringe [did] not create a reasonable inference of inducement.")

Without knowing who it allegedly induced to infringe, how the alleged infringement was accomplished, and what it allegedly did to induce others to infringe, IKANO cannot reasonably respond to Brandywine's allegations that IKANO actively induced others to infringe any of the Patents-in-Suit. Brandywine's claims for induced infringement are nothing more than "naked assertions devoid of further factual enhancement" and should be dismissed. *Iqbal*, 556 U.S. at 678.

    2.    *The Complaint Fails to State a Plausible Claim of Specific Intent to Induce Infringement.*

The Complaint fails to state a plausible claim for active inducement of infringement for the additional reason that it fails to set forth sufficient allegations that IKANO knowingly induced infringement and possessed the specific intent to encourage another's infringement. The specific intent necessary to induce infringement "requires more than just intent to cause the acts that produce direct infringement. … [T]he inducer must have an affirmative intent to cause direct infringement." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (*en banc*). Thus, "inducement requires **evidence of culpable conduct, directed to encouraging another's infringement**, not merely that the inducer had knowledge of the direct infringer's activities." *Id.* (emphasis added); *see also Global-Tech Appliances, Inc. v. SEB S.A.,* 131 S.Ct. 2060, 2068

(2011) ("induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement").

Brandywine has failed to satisfy its requirements for pleading inducement because the Complaint includes no facts to plausibly suggest that IKANO "persuade[d] another to engage in conduct that [it] knows is infringement."  *Global-Tech*, 131 S.Ct. at 2068.  Instead, Brandywine's conclusory allegations of specific intent are based on a letter that it allegedly mailed to IKANO days before filing the Complaint.  (Complaint ¶ 14.)   IKANO has no record of receiving this letter and, notably, the letter is not attached to the Complaint.  In any event, the Complaint includes no allegations to plausibly suggest that IKANO, by virtue of this letter, knew that its "partners and customers" were directly infringing any claims of the Patents-in-Suit or that IKANO took affirmative steps to encourage these unidentified partners and customers to infringe the Patents-in-Suit.  More is required.

Courts have found similar complaints for patent infringement lacking where, as here, the complaint alleged that the defendant was on notice of the patent-in-suit but failed to include plausible facts to show the specific intent required for a claim of inducement.  *Discflo Corp. v. Am. Process Equip., Inc.*, 11CV00476 BTM RBB, 2011 WL 6888542, *3 (S.D. Cal. Dec. 29, 2011) (dismissing claims for inducement and contributory infringement, noting:  "Allegations of a defendant's 'mere knowledge of possible infringement will not suffice to show the requisite specific intent … nor will Plaintiff's statement that the Defendants infringed the '416 Patent 'willfully.'") (citing *Vita-Mix Corp. v. Basic Holding, Inc.,* 582 F.3d 1317, 1328 (Fed. Cir. 2009)); *Guzik Technical Enterprises, Inc. v. W. Digital Corp.*, 11-CV-03786-PSG, 2012 WL 1669355 (N.D. Cal. May 11, 2012) (allegation that accused infringer knew of asserted patent and, "on information and belief" induced others to infringe the patent, failed to include plausible facts that the accused infringer specifically intended to induce infringement).

Without plausible facts to support its claim that IKANO specifically intended to induce others to infringe claims of the '537, '657, '501, and '472 patents, Brandywine has failed to state

claims for inducement that satisfy the pleading requirement of *Iqbal* and *Twombly*, and those claims should be dismissed.

>     D.      **Brandywine has Failed to State a Plausible Claim of Contributory Infringement.**

The Complaint fails to set forth a plausible claim that IKANO contributed to another's direct infringement of the '537 and '657 patents.  Liability for contributory infringement arises "if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'"  *Bill of Lading*, 681 F.3d at 1333 (quoting 35 U.S.C. § 271(c)). The Complaint fails to satisfy the requirements of 35 U.S.C. § 271(c) and should be dismissed for at least four reasons.

First, the Complaint fails to include plausible facts that would allow the Court to infer that the "Accused Services and Products" are capable of no substantial non-infringing uses.  *Bill of Lading*, 681 F.3d at 1337 ("To state a claim for contributory infringement, therefore, a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.")   Indeed, the Complaint does not even identify the "Accused Services and Products" or describe how those services and products are allegedly used in an infringing manner, let alone include facts demonstrating the absence of substantial non-infringing uses.   Instead, Brandywine alleges that IKANO's "DSL modems" have no substantial non-infringing uses because their "only purpose is to practice the ***claimed method of providing the infringing DSL service.***"[3]   (Complaint ¶¶ 30, 40 (emphasis added).)

---

[3]  Brandywine's allegation that IKANO induces its partners and customers to infringe by "advertising" and by "providing instruction materials, training, and consulting services regarding the Accused Services and Products" actually suggests that IKANO's unidentified services and products may be used in a non-infringing manner. *See U.S. Ethernet Innovations* at page 7 of 9 ("[Plaintiff's] allegation that customers infringe when they use operating systems and components in accordance with [defendant's] instructions actually creates an inference that they might be otherwise used in a non-infringing manner.).

These conclusory allegations are devoid of factual support, and the Court should dismiss Brandywine's claims for contributory infringement for this reason alone. *Driessen*, 2012 WL 5293039, at *8 (dismissing claim for contributory infringement where plaintiff's allegation of no substantial non-infringing uses was "conclusory").

Second, the Complaint does not include any plausible set of facts demonstrating that the "Accused Services and Products" are a material part of the alleged inventions. Instead, Brandywine alleges merely "on information and belief" that the "Accused Services and Products… constitute a material part of the invention." (Complaint ¶¶ 29-30, 39-40). The Complaint includes no facts in support of this blanket allegation and nothing that would allow the Court to "draw the reasonable inference that [IKANO] is liable for the misconduct alleged [contributory infringement]." *Iqbal*, 550 U.S. at 1940.

Third, the Complaint is devoid of any facts to support Brandywine's claim that IKANO sold or provided the unidentified "Accused Services and Products" knowing they were "especially made or especially adapted for use in an infringement of the ['537 and '657 Patents]." (Complaint ¶¶ 29-30, 39-40.) Plaintiff's assertion that the "Accused Services and Products include DSL modems, which constitute an especially adapted component to receive Defendants' DSL service," is conclusory and fails to satisfy the pleading requirements of *Iqbal* and *Twombly*. Indeed, the Complaint fails to identify the allegedly infringing "DSL service" and fails to identify the particular "DSL modems" that IKANO allegedly and intentionally used for the purpose of contributing to the infringement of the '537 and '657 patents.

Fourth, like Brandywine's claim for inducing infringement discussed in Section III.E above, the Complaint fails to identify the direct infringement or how that infringement was accomplished. As with active inducement, "there can be no contributory infringement in the absence of a direct infringement." *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 341-42 (1961). These omissions are likewise fatal to Brandywine's claim for contributory infringement.

Brandywine's "conclusory statements" and "[t]hreadbare recitals of the elements of a cause of action" for contributory infringement under 35 U.S.C. § 271(c) are insufficient; there must be sufficient factual matter to establish a "plausible" claim rather than merely a "possible" claim. *See Iqbal*, 550 U.S. at 1949-50. Accordingly, Brandywine's claims for contributory infringement should be dismissed.

## IV. CONCLUSION

Brandywine has failed to properly plead a claim for direct infringement, active inducement of infringement, and contributory infringement. Brandywine's Complaint is utterly devoid of the necessary factual allegations to support a plausible claim, and is instead filled with mere legal conclusions and the mere recitation of the statutory elements of those claims, which is insufficient to satisfy the minimum pleading requirements of Rule 8. Brandywine's Complaint fails to adequately apprise IKANO of the allegations against it such that it can properly defend itself. Therefore, the Court should dismiss Brandywine's Complaint.

DATED THIS 15th day of March, 2013.

                                          PARSONS BEHLE & LATIMER

                                          By */s/ John N. Zarian*
                                               John N. Zarian
                                          Attorneys for Defendant
                                          IKANO Communications, Inc.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of March, 2013, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which automatically sent email notification of such filing to all counsel who have entered an appearance in this action.

*/s/ John N. Zarian*
John N. Zarian

4835-4000-9491.4