John N. Zarian, USB No. 13454
Christopher J. Cuneo, (*Pro Hac Vice Pending*)
PARSONS BEHLE & LATIMER
960 Broadway Avenue, Suite 250
Boise, Idaho 83706
Telephone:  (208) 562-4900
Facsimile:  (208) 562-4901
Email: jzarian@parsonsbehle.com
          ccuneo@parsonsbehle.com

Attorneys for Defendant
IKANO Communications, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| BRANDYWINE COMMUNICATIONS TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>IKANO COMMUNICATIONS, INC.,<br><br>Defendant. | Case No. 2:12-CV-1214-DN<br>District Judge David Nuffer<br><br>**DEFENDANT'S MOTION TO STAY AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |

Pursuant to DuCivR 7-1, defendant IKANO Communications, Inc. ("IKANO") respectfully moves this Court for an Order staying this case pending final judgment in two related cases pending in the United States District Court for the Middle District of Florida and the Northern District of California. Those cases share issues in common with the issues in this case and are in a far more advanced procedural stage, and the resolution of those cases is likely to simplify and clarify the issues in this case substantially. Therefore, the interests of efficiency and judicial economy favor staying this case pending resolution of the related cases.

DEFENDANT'S MOTION TO STAY - 1

This motion is based on the following Memorandum of Points and Authorities, the accompanying declarations filed concurrently herewith, the pleadings on file in this case, and upon such other matters as may be presented to the Court at or prior to any ruling on this motion.

DEFENDANT'S MOTION TO STAY - 2

# TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................................................1

II.   FACTUAL BACKGROUND...............................................................................................2

    A.    Brandywine's Sweeping Litigation Campaign ............................................................2

    B.    The Pending AT&T and CenturyTel Cases .................................................................3

        1.    This Case is Closely Related to the AT&T and CenturyTel Cases. ...............3

        2.    Procedural Status of the AT&T and CenturyTel Cases .................................5

    C.    To the Extent Brandywine is Targeting IKANO for Providing DSL
        Modems, IKANO Clearly Has a Right to Provide Modems to its
        Customers. ..................................................................................................................6

    D.    To the Extent Brandywine is Targeting IKANO's DSL Services, those
        Services are the Subject of Litigation with Brandywine in Earlier-Filed
        Cases ..........................................................................................................................7

III.  THE COURT SHOULD STAY THIS CASE PENDING RESOLUTION OF THE
     AT&T AND CENTURYTEL CASES. ................................................................................8

    A.    This Court Has Broad Discretion to Stay This Case...................................................8

    B.    A Stay Will Simplify and Clarify the Issues in This Case..........................................9

        1.    Staying This Case Pending Resolution of the AT&T Case and the
            CenturyTel Case will Simplify, or Perhaps Eliminate, Issues of
            Infringement in this Case................................................................................9

        2.    Resolution of Invalidity Counterclaims in the AT&T and
            CenturyTel Cases Could be Dispositive and, at a Minimum, Will
            Simplify the Issues for Trial in This Case. ..................................................11

    C.    This Case is in the Very Early Stages, and Brandywine Will Be Neither
        Prejudiced Nor Tactically Disadvantaged by a Stay.................................................13

IV.  CONCLUSION...................................................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Blonder-Tongue Laboratories, Inc. v. Univ. of Illinois Found.*, 402 U.S. 313 (1971) .................................................................................................................. 11

*C.R. Bard, Inc. v. Med. Components, Inc.*, 2:12-CV-00032-RJS, 2012 WL 6574663 (D. Utah Dec. 17, 2012) .................................................................... 13

*Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735 (1st Cir. 1977) ............................... 10

*Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976) .......................... 8

*Icon Health & Fitness, Inc. v. Park City Entm't, Inc.*, 1:10CV195DAK, 2011 WL 5239733 (D. Utah Nov. 1, 2011) ................................................................... 13

*Innovative Patented Tech., LLC. v. Samsung Electronics Co., Ltd.*, 07-81148-CIV, 2008 WL 2726914 (S.D. Fla. July 10, 2008) ............................................. 12

*Kahn v. Gen. Motors Corp.*, 889 F.2d 1078 (Fed. Cir. 1989) ..................................... 10

*Katz v. Lear Siegler, Inc.*, 909 F.2d 1459 (Fed. Cir. 1990) ......................................... 10

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) ................................................................. 8

*Larson Archery Co. v. Mathews, Inc.*, 1:11-CV-126 TS, 2013 WL 139472 (D. Utah Jan. 10, 2013) ............................................................................... 8, 13

*Leviton Mfg. Co., Inc. v. Interline Brands, Inc.*, 3:05CV123 J33MCR, 2006 WL 2523137 (M.D. Fla. Aug. 30, 2006) ........................................................ 12

*Pool Cover Specialists Nat'l, Inc. v. Cover-Pools Inc.*, 2009 WL 2999036, at *1 (D. Utah Sept. 18, 2009) ............................................................................... 9

*Pragmatus Telecom, LLC v. Advanced Store Co., Inc.*, CIV.A. 12-088-RGA, 2012 WL 2803695 (D. Del. July 10, 2012) ............................................... 9, 14

*St. Clair Intellectual Prop. Consultants, Inc. v. Motorola Mobility LLC*, CIV.A. 11-1305-LPS, 2012 WL 4321743 (D. Del. Sept. 20, 2012) .................... 12

*Tegic Commc'ns Corp. v. Board of Regents of Univ. of Tex. Sys.*, 458 F.3d 1335 (Fed. Cir. 2006) .............................................................................................. 10

*Ultra Products, Inc. v. Best Buy Co., Inc.*, CIV.A.09-1095MLC, 2009 WL 2843888 (D.N.J. Sept. 1, 2009) ................................................................... 10

**Rules**

Fed. R. Civ. P. 1 ............................................................................................................ 8

Fed. R. Civ. P. 12(b)(6) .............................................................................................. 10

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Brandywine Communications Technologies, LLC ("Brandywine") is a high-profile non-practicing entity that has sued more than 100 defendants for patent infringement since 2011. With respect to the six Patents-in-Suit,[1] Brandywine's lawsuit spree began more than eighteen months ago – when it sued AT&T Corp., CenturyLink, Inc., Verizon Communications, Inc. and EarthLink, Inc. in the Middle District of Florida. That case was severed, and Brandywine filed separate lawsuits against those defendants (presently, the "AT&T Case" and the "CenturyTel Case") that raise many of the same issues of infringement and validity at issue here.

Under the circumstances, IKANO submits that the Court should stay this case pending final judgment in the AT&T Case and the CenturyTel Case, for at least three reasons.

First, staying this case will promote efficiency and judicial economy by simplifying and narrowing the issues for trial. Indeed, the outcome of Brandywine's infringement claims against AT&T and CenturyTel will substantially impact (and potentially dispose of) this case. For example, Brandywine claims that IKANO's "DSL service" infringes the Patents-in-Suit. In the AT&T Case and in the CenturyTel Case, Brandywine claims that AT&T and CenturyTel's digital subscriber line ("DSL") service infringes the very same patents. Because IKANO resells AT&T and CenturyTel's DSL services to the majority of its customers, a determination that AT&T or CenturyTel's DSL service does not infringe the Patents-in-Suit likely means that IKANO cannot infringe the Patents-in-Suit by reselling the same services. In any event, as explained below, the courts in the AT&T and CenturyTel Cases will soon decide whether the

---

[1] The six "Patents-in-Suit" are U.S. Patent Nos.: 5,206,854; 5,251,328; 5,812,537; 5,828,657; 6,970,501; and 7,894,472.

asserted claims of the Patents-in-Suit are invalid. These decisions may very well dispose of Brandywine's claims against IKANO and, at a minimum, will clarify and narrow the issues here.

<u>Second</u>, a stay is warranted here because the litigation in the AT&T Case and in the CenturyTel Case is more than eighteen months old, and because those matters are in a procedural stage that is far more advanced than the instant case (which is scarcely in the pleading stages). Indeed, this motion, and IKANO's motion to dismiss for failure to state a claim (filed concurrently herewith) are the first motions filed in this matter.

<u>Third</u>, staying this case will not prejudice Brandywine. To the contrary, a stay of this matter is in the best interests of both Brandywine and IKANO, as well as the judicial system, because it will enable the parties to save substantial resources pending key determinations and outcomes in the AT&T Case and the CenturyTel Case, which may be dispositive of this case.

Accordingly, in order "to promote the just speedy and inexpensive determination" of Brandywine's infringement lawsuits (Fed. R. Civ. P. 1), this Court should stay this case pending final judgment in the AT&T Case and the CenturyTel Case.

## II.  FACTUAL BACKGROUND

### A.  Brandywine's Sweeping Litigation Campaign

During the last eighteen months, Brandywine has sued more than 100 companies for patent infringement in dozens of district courts across the United States. Brandywine's targets have included companies such as Apple Inc., Motorola Mobility, Inc., Nokia Corp., NEC Corp., Toshiba Corp., Samsung Electronics Co., LTD, LG Electronics, Verizon Communications, Inc., AT&T Corp. and T-Mobile USA, Inc.

Brandywine launched its aggressive litigation campaign on August 12, 2011 by filing a complaint and asserting the Patents-in-Suit against Verizon Communications, Inc., CenturyLink,

Inc., AT&T Corp., and EarthLink, Inc. in the Middle District of Florida. (Declaration of John Zarian ("Zarian Decl.") at ¶ 4, Exh. 2.) On February 17, 2012, that court severed Brandywine's claims and ordered Brandywine to file separate actions against each of the four defendants. (*Id*. at ¶ 6, Exh. 3 (Order) at p. 3.)

On February 21, 2012, in response to the court's foregoing order, Brandywine filed the following four complaints in the Middle District of Florida:

- *Brandywine Communications Technologies, LLC v. AT&T Corp.*, *et al.* (6:12-CV-00283) (the "AT&T Case")
- *Brandywine Communications Technologies, LLC v. Verizon Communications, Inc., et al*. (6:12-CV-00284) (the "Verizon Case");
- *Brandywine Communications Technologies, LLC v. EarthLink, Inc.* (6:12-CV-00285) (the "EarthLink Case"); and
- *Brandywine Communications Technologies, LLC v. CenturyLink, Inc. & CenturyTel Broadband Services, LLC* (6:12-CV-00286) (the "CenturyTel Case").

(Zarian Decl. ¶¶ 7-10 and Exhs. 4-7.) The Verizon Case and the EarthLink Case were dismissed (and presumably settled). The CenturyTel Case is pending, and the AT&T Case was transferred to the Northern District of California, where it is pending as well. (*Id*. at ¶ 14.)

Between December 23, 2012 and January 24, 2013 (a span of 32 days), Brandywine filed a second wave of indiscriminate litigation, suing 70 additional companies (including IKANO) in 21 district courts for alleged infringement of the Patents-in-Suit. (*See id*. ¶ 4 and Exh. 1.)

   **B.**  **The Pending AT&T and CenturyTel Cases**

    1. <u>*This Case is Closely Related to the AT&T and CenturyTel Cases.*</u>

In this case, Brandywine avers "upon information and belief" that IKANO directly infringed "one or more" of the 92 claims of the Patents-in-Suit by making, using, selling, and/or offering for sale ***unidentified*** "DSL service, modems, and equipment." (*See* Complaint for Patent Infringement (Dkt. 2) ("Complaint"), ¶¶16-17, 21-22, 26-27, 36-37, 46-47, 54-55.) Brandywine also alleges that IKANO indirectly infringed four of the Patents-in-Suit by inducing

3

*unidentified* third parties to infringe *unidentified* claims of the asserted patents (Complaint, ¶¶ 31-32, 41-42, 49-50, 57-58), and that IKANO somehow contributed to *unidentified* third party infringement of *unidentified* claims of the '537 and '657 patents. (Complaint, ¶¶ 29-30, 39-40.)[2]

Brandywine's cryptic infringement allegations in this case are virtually identical to its allegations in the AT&T Case and the CenturyTel Case. For example, Brandywine claims that AT&T and CenturyTel infringe the Patents-in-Suit by offering their DSL services — the same DSL services that IKANO purchases from AT&T and CenturyTel and resells to the majority of its customers. (*See* Zarian Decl. Exh. 4 (AT&T Complaint) and Exh. 5 (CenturyTel FAC); Declaration of George Mitsopoulos ("Mitsopoulos Decl.") ¶ 5.) Brandywine's allegations concerning the '854 Patent are representative of the striking similarity between the infringement allegations in this case and those in the earlier-filed AT&T and CenturyTel Cases:

| AT&T Case – Brandywine's Complaint | CenturyTel Case – Brandywine's Amended Complaint | This Case – Brandywine's Complaint |
|---|---|---|
| 48. Upon information and belief, ***AT&T*** has infringed and continues to infringe one or more claims of the '854 patent in this judicial district and elsewhere by making, using, selling and offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '854 patent ("***AT&T*** Accused Services and Products for the '854 patent"). | 48. Upon information and belief, ***CenturyTel*** has infringed and continues to infringe one or more claims of the '854 patent in this judicial district and elsewhere by making, using, selling and offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '854 patent ("***CenturyTel*** Accused Services and Products for the '854 patent"). | 16. Upon information and belief, ***Defendant*** has infringed and continues to infringe one or more claims of the '854 patent in this judicial district and elsewhere by making, using, selling and offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '854 patent ("Accused Services and Products for the '854 Patent"). |
| 49. Upon information and belief, ***AT&T*** Accused Services and Products for the '854 Patent include, but are | 49. ***CenturyTel*** Accused Services and Products for the '854 patent include, but are not limited to, ***CenturyLink High*** | 17. Upon information and belief, ***Defendant's*** Accused Services and Products for |

---

[2] Brandywine's Complaint fails to state a claim against IKANO; therefore, IKANO has moved concurrently for an order dismissing the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

4

| AT&T Case – Brandywine's Complaint | CenturyTel Case – Brandywine's Amended Complaint | This Case – Brandywine's Complaint |
|---|---|---|
| not limited to, **High Speed DSL Internet.** | **Speed Internet**. | the '854 Patent include but are not limited to Defendant's **DSL service and equipment.** |

(AT&T Complaint ¶¶ 48-49; CenturyTel FAC ¶¶ 48-49; Complaint ¶¶ 16-17.) Brandywine's complaints in each of these cases include virtually identical allegations of direct infringement of the '328, '537, '657, '501, and '472 patents.[3]

The defendants in the AT&T Case and the CenturyTel Case have denied these allegations and have asserted affirmative defenses and counterclaims of non-infringement and invalidity of the Patents-in-Suit. (Zarian Decl. ¶ 12, Exh. 9 (AT&T Answer, Second Affirmative Defense, Counterclaim) at ¶¶ 8-22, 28-42; and ¶ 13, Exh. 10 (CenturyTel First and Second Counterclaims) at ¶¶ 8-19.)

   2. *Procedural Status of the AT&T and CenturyTel Cases*

A recent review of the docket history in the AT&T Case reveals that the AT&T Case has progressed well into discovery. The deadline for the parties to complete claim construction discovery is April 5, 2013, and a *Markman* hearing is scheduled for June 13, 2013. Brandywine's claim construction brief is due on April 18, 2013, and claim construction briefing is to be completed by May 23, 2013. (Zarian Decl. ¶ 14, Exh. 11.)

A recent review of the docket history in the CenturyTel Case shows that case is even further along. The court in that case already held a claim construction hearing, and the parties are now awaiting the court's claim construction order. The parties are scheduled to exchange

---

[3] *Compare* AT&T Complaint ¶¶ 21-22, 30-31, 39-40, 57-58 *with* CenturyTel FAC ¶¶ 21-22, 30-31, 39-40, 57-58 *and with* IKANO Complaint ¶¶ 16-17, 21-22, 26-27, 36, 37, 46-47, 54-55.)

expert witness reports on June 3, 2013, dispositive motions are due to be filed on September 3, 2013, and trial is set to commence on February 3, 2014.  (*Id*. ¶ 15, Exh. 12 and ¶ 17 Exh. 14.)

In connection with claim construction, one of the issues now pending before the court in the CenturyLink Case is whether claims of the '854, '328, '501 and '472 patents are invalid for indefiniteness.  (*Id*. ¶ 16, Exh. 13 (Def.'s Claim Construction Br.) at 29, 33, 46 of 47.)  Of course, a determination that claims of those patents are invalid will substantially narrow (and perhaps dispose of) many of the issues in this case.

### C. To the Extent Brandywine is Targeting IKANO for Providing DSL Modems, IKANO Clearly Has a Right to Provide Modems to its Customers.

In general, the Patents-in-Suit claim inventions relating to (i) the detection of remote signals in modems that use echo cancellation, (ii) the operation of a modem in a manner that is compatible with certain spectrum management classes, and (iii) the use of predistortion to reduce noise in communications systems.

Given these claims and the nature of IKANO's business, one would expect any infringement to take place in the *chipsets* of the modems at issue.  However, as IKANO has advised Brandywine, all of the modems shipped by IKANO during the last six years include chipsets that are the subject of express licenses to the Patents-in-Suit.  The fact that this case against IKANO is still pending – coupled with Brandywine's failure to identify any of the 92 claims of the Patents-in-Suit or specify any of IKANO's accused products or instrumentalities – is puzzling, at best.

By way of background, IKANO provides retail DSL services directly to end users, and it also resells DSL services to customers ("resellers") who, in turn, resell those DSL services to end users.  As part of its retail services, IKANO makes DSL modems available to end users. IKANO's resellers can provide their own DSL modems to their subscribers, or they can purchase

a DSL modem from IKANO for resale to the customers' subscribers. (Mitsopoulos Decl. ¶¶ 3-4.) Since January 1, 2007, all of the DSL modems that IKANO shipped to its retail and wholesale customers were supplied by D-Link Systems, Inc. ("D-Link") and Comtrend Corporation ("Comtrend"). (*Id.* ¶ 4.) These D-Link and Comtrend DSL modems, in turn, all contained chipsets manufactured by Broadcom Corporation. (Declaration of A.J. Wang ¶ 4; Declaration of John Castreje ¶ 4.)

Because Broadcom is a licensee of the Patents-in-Suit (*see* Zarian Decl. ¶¶ 18-19), the DSL modems that IKANO provided to its customers during the relevant time period are not subject to any infringement claims by Brandywine, either for patent exhaustion or because of an implied license. In other words, if Brandywine is targeting IKANO for these DSL modems, IKANO *cannot* infringe the Patents-in-Suit because the chipsets in the D-Link and Comtrend modems are covered by Broadcom's license to the Patents-in-Suit and, therefore, IKANO has a right to use and/or resell the D-Link and Comtrend modems at issue.

Nevertheless, Brandywine continues to press this litigation.[4]

### D. To the Extent Brandywine is Targeting IKANO's DSL Services, those Services are the Subject of Litigation with Brandywine in Earlier-Filed Cases

IKANO's DSL services in the United States consist of reselling the DSL services provided by various carriers/network providers: IKANO does not own any DSL network infrastructure. (Mitsopoulos Decl. ¶ 6.)

Since January 1, 2007, the majority of IKANO's customers purchased DSL services from IKANO that utilized AT&T's DSL infrastructure (*see* Mitsopoulos Decl. ¶¶ 5-6)—the very same

---

[4] Brandywine's vague allegation that IKANO's "DSL service" infringes the Patents-in-Suit appears to be nothing more than an attempt to inflate Brandywine's damages claim by applying the more costly "DSL services" as a royalty base instead of using the relatively inexpensive chipsets as the base.

7

infrastructure at issue in the pending AT&T Case. During that same period, a significant portion of IKANO's customers purchased DSL services that utilized Verizon's DSL infrastructure—the very same infrastructure at issue in the Verizon Case.[5] (*Id.*) Some of IKANO customers purchased DSL services from IKANO that used CenturyTel's DSL infrastructure—the very same service at issue in the pending CenturyTel Case. (*Id.*)

Thus, to the extent Brandywine is targeting IKANO's DSL services, those services are clearly the subject of earlier-filed litigation pending in other district courts.

### III. THE COURT SHOULD STAY THIS CASE PENDING RESOLUTION OF THE AT&T AND CENTURYTEL CASES.

#### A. This Court Has Broad Discretion to Stay This Case.

This Court's broad discretion to grant a stay in pending litigation is rooted in the inherent power to control its docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for the litigants"); *Larson Archery Co. v. Mathews, Inc.*, 1:11-CV-126 TS, 2013 WL 139472 (D. Utah Jan. 10, 2013) (granting motion to stay patent infringement case pending reexamination of patent); *see also Colo. River Water Conservation Dist. v. U.S.,* 424 U.S. 800, 817 (1976) ("[A]s between federal district courts....the general principal is to avoid duplicative litigation.")

---

[5] Any claim that IKANO infringes the Patents-in-Suit by reselling Verizon's DSL internet service is likely exhausted by Brandywine's apparently recent settlement with Verizon. *See Quanta Computer, Inc. v. LG Electronics, Inc.*, 553 U.S. 617, 618 (2008) ("The patent exhaustion doctrine provides that a patented item's initial authorized sale terminates all patent rights to that item.")

In determining whether to grant a stay, courts typically consider three factors:

1. Whether a stay will simplify the issues in question and trial of the case;
2. Whether discovery is complete and a trial date has been set; and,
3. Whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.

*E.g., Pool Cover Specialists Nat'l, Inc. v. Cover-Pools Inc.*, 2009 WL 2999036, at *1 (D. Utah Sept. 18, 2009); *Pragmatus Telecom, LLC v. Advanced Store Co., Inc.*, CIV.A. 12-088-RGA, 2012 WL 2803695, at * 1 (D. Del. July 10, 2012).

In this case, all three of these factors favor a stay pending resolution of the related AT&T and CenturyTel Cases.

**B.   A Stay Will Simplify and Clarify the Issues in This Case.**

Threshold questions of infringement, validity, and claim construction will be decided in the earlier-filed AT&T and CenturyLink Cases; therefore, equity is best served by staying this case pending final judgment in the AT&T Case and the CenturyTel Case.

1. *Staying This Case Pending Resolution of the AT&T Case and the CenturyTel Case will Simplify, or Perhaps Eliminate, Issues of Infringement in this Case.*

Collectively, AT&T and CenturyTel provide the majority of the DSL services sold by IKANO.  (*See* Mitsopoulos Decl. ¶ 5.)  Accordingly, resolution of AT&T's and CenturyTel's non-infringement defenses will have a very substantial impact on the present litigation.  Indeed, a judicial determination that AT&T and CenturyTel's DSL services do not infringe the Patents-in-Suit could very well mean that IKANO *cannot* infringe the Patents-in-Suit by reselling those *very same* services to its customers.

Courts favor staying patent infringement lawsuits against customers where, as here, the patent owner also asserts infringement claims against the customer's supplier in another district. Several courts have addressed this issue in the context of the "customer suit exception," which

9

provides that "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). The customer suit exception is guided by the principles of efficiency and judicial economy and applies to the general rule that favors the forum of the first-filed action. *Tegic Commc'ns Corp. v. Board of Regents of Univ. of Tex. Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006). At the heart of the customer suit exception is the recognition that:

> [I]n reality, the manufacturer is the true defendant in the customer suit.... it is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products.

*Katz*, 909 F.2d at 1464 (citing *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977); *see also Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989) ("The customer suit exception is based on the manufacturer's presumed greater interest in defending its actions against charges of patent infringement; and to guard against possibility of abuse.").

Here, Brandywine filed its complaint against AT&T and CenturyTel (significant suppliers of IKANO's DSL services) eighteen months before suing IKANO (the customer of those services). Although the customer suit exception does not apply in the traditional sense to support staying the first-filed AT&T and CenturyTel Cases, "the reasoning underlying the exception supports giving [the AT&T Case] priority over the current action." *See Ultra Products, Inc. v. Best Buy Co., Inc.*, CIV.A.09-1095MLC, 2009 WL 2843888, at *5 (D.N.J. Sept. 1, 2009) (staying later-filed suit against sellers pending resolution of earlier filed case against suppliers where "threshold questions of patent validity, enforceability and construction" would be addressed in earlier-filed case).

Whether IKANO infringes the Patents-in-Suit by reselling AT&T's and CenturyTel's DSL services is a question that is directly related to the outcomes of the AT&T Case and the CenturyTel Case, in which IKANO's suppliers are facing many of the same threshold questions.

Furthermore, it would be inequitable to allow Brandywine to proceed with its case against IKANO while the AT&T and CenturyLink Cases are pending. To defend against Brandywine's infringement claims, IKANO may need to prove that the AT&T's DSL service and CenturyTel's DSL service do not infringe the Patents-in-Suit. The information necessary to defend AT&T's DSL services and CenturyTel's services is uniquely within the possession and control of AT&T and CenturyTel.

Under the circumstances, a stay pending resolution of the AT&T and CenturyLink Cases will greatly simplify (or perhaps dispose of) Brandywine's infringement claims and IKANO's non-infringement defenses in this case.

Accordingly, the instant motion should be granted.

2. *Resolution of Invalidity Counterclaims in the AT&T and CenturyTel Cases Could be Dispositive and, at a Minimum, Will Simplify the Issues for Trial in This Case.*

This case (and the many dozens of other cases for infringement of the Patents-in-Suit now pending across the country) will be moot if the court in the AT&T Case or the court in the CenturyTel Case concludes that the Patents-in-Suit are invalid. *See Blonder-Tongue Laboratories, Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 347 (1971). Thus, staying this case in favor of the AT&T and CenturyTel Cases will avoid needless duplication on the issue of validity and will promote judicial economy.

Indeed, a stay is particularly compelling given the procedural posture and very advanced stage of the CenturyTel Case. The parties in that litigation are well into discovery and have already briefed and argued issues of claim construction. In her forthcoming *Markman* Order,

Judge Honeywell is expected to address issues impacting the validity of several claims of the Patents-in-Suit, and a holding that these claims are invalid for indefiniteness will substantially narrow (or perhaps eliminate entirely), the issues to be litigated in this case.

Courts have granted motions to stay patent infringement cases in similar circumstances where an earlier-filed case is in a more advanced stage. For example, in *Leviton Mfg. Co., Inc. v. Interline Brands, Inc.*, the court granted the accused infringer's motion for a stay pending final judgment of two suits in the District of New Mexico that addressed the same patents and had proceeded through a *Markman* hearing:

> The Court finds that, here, a stay is warranted. There is no dispute that the same two patents, subject of this suit, are also being litigated in New Mexico. Further, the New Mexico cases are far more advanced than the present litigation. For instance, in one of the two pending New Mexico litigations, a Markman hearing has already been held and ruled on. Further, based on this Markman hearing, [defendant] has moved for summary judgment of non-infringement. Moreover, if the New Mexico litigation results in finding of non-infringement, that decision's collateral estoppel effect may very well be dispositive with respect to the present case.

3:05CV123 J33MCR, 2006 WL 2523137, at *2 (M.D. Fla. Aug. 30, 2006); *see also St. Clair Intellectual Prop. Consultants, Inc. v. Motorola Mobility LLC*, CIV.A. 11-1305-LPS, 2012 WL 4321743 (D. Del. Sept. 20, 2012) (granting accused infringer's motion to stay where the six patents-in-suit were the subject of several motions for summary judgment in other proceedings); *Innovative Patented Tech., LLC. v. Samsung Electronics Co., Ltd.*, 07-81148-CIV, 2008 WL 2726914 (S.D. Fla. July 10, 2008) (granting motion to stay pending other court's resolution of ownership of patent-in-suit).

Here, as in *Leviton Mfg.*, Brandywine has already litigated the six Patents-in-Suit through *Markman* in another forum. The outcome of that litigation may very well be dispositive here and, at a minimum, is likely to "eliminate, narrow, or clarify the disputed issues" in this case.

*Icon Health & Fitness, Inc. v. Park City Entm't, Inc.*, 1:10CV195DAK, 2011 WL 5239733, at *2 (D. Utah Nov. 1, 2011) (granting motion to stay pending reexamination).

Accordingly, this Court should grant the instant motion to stay.

### C. This Case is in the Very Early Stages, and Brandywine Will Be Neither Prejudiced Nor Tactically Disadvantaged by a Stay.

The second and third factors also favor staying this case pending final judgment in the AT&T and CenturyTel Cases. This case is in its infancy. The pleadings are open, the parties have engaged in no discovery, and the Court has yet to set a scheduling conference, much less a trial date. Clearly, the AT&T and CenturyTel Cases are in far more advanced stages than this litigation. Thus, a stay is appropriate here. *Larson Archery Co. v. Mathews, Inc.*, 1:11-CV-126 TS, 2013 WL 139472, at *1 (D. Utah Jan. 10, 2013).

In addition, staying this case pending resolution of the AT&T and CenturyTel Cases will not unfairly prejudice Brandywine because there is no risk that Brandywine will suffer irreparable harm under the status quo. Brandywine is a non-practicing entity and does not make, use, sell, or provide any products or services that compete with IKANO; therefore, there is no risk that a stay will cause Brandywine to lose any sales or suffer any business injury. Brandywine did not move for a preliminary injunction against IKANO, nor did it pray for injunctive relief in its Complaint. Instead, Brandywine seeks money damages and an ongoing royalty for IKANO's alleged infringement. (Complaint, Prayer for Relief ¶¶ b, c.) In the unlikely event that Brandywine prevails on its infringement claims against IKANO, money damages are available. A stay will not be prejudicial and is appropriate under these circumstances. *See C.R. Bard, Inc. v. Med. Components, Inc.*, 2:12-CV-00032-RJS, 2012 WL 6574663, at *2 (D. Utah Dec. 17, 2012) (granting motion to stay and rejecting claim that stay would unfairly prejudice plaintiff by allowing defendant to continue to sell infringing product

because plaintiff could recover damages); *Pragmatus Telecom, LLC v. Advanced Store Co., Inc.*, CIV.A. 12-088-RGA, 2012 WL 2803695, at * 2 (D. Del. July 10, 2012) (this factor favored stay where plaintiff was "solely in the business of monetizing patents," injunctive relief was not available, and harm for alleged infringement was compensable by damages.)

Furthermore, a stay will not place Brandywine at any tactical disadvantage. To the contrary, staying this case pending resolution of the AT&T and CenturyTel Cases will benefit both Brandywine and IKANO. The resolution of the AT&T and CenturyTel Cases will clarify and narrow the disputed issues in this case, and a stay will conserve substantial resources that would otherwise be expended by all parties in litigating issues duplicative of those now pending in the AT&T and CenturyTel Cases.

Under the circumstances, Brandywine will be neither prejudiced nor disadvantaged by a stay in this matter.

Accordingly, all of the relevant factors support staying this case pending resolution of the AT&T and CenturyTel Cases.

## IV. CONCLUSION

For all of the foregoing reasons, the instant motion to stay should be granted.

DATED THIS 15th day of March, 2013.

PARSONS BEHLE & LATIMER

By */s/ John N. Zarian*
    John N. Zarian
Attorneys for Defendant
IKANO Communications, Inc.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 15th day of March, 2013, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which automatically sent email notification of such filing to all counsel who have entered an appearance in this action.

*/s/ John N. Zarian*
John N. Zarian

4853-2501-9667.8