JAMES B. BELSHE (USB No. 9826)
Jim.Belshe@padrm.com
JOSEPH G. PIA (USB No. 9945)
Joe.pia@padrm.com
PIA ANDERSON DORIUS REYNARD & MOSS
222 South Main Street, Suite 1830
Salt Lake City, UT 84101
Telephone: (801) 350-9000
Facsimile: (801) 350-9010

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| BRANDYWINE COMMUNICATIONS TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>IKANO COMMUNICATIONS, INC.,<br><br>Defendant. | **PLAINTIFFS'S OPPOSITION TO DEFENDANT'S MOTION TO STAY**<br><br>Civil Action No. 2:12-cv-1214<br><br>Judge David Nuffer |

Plaintiff Brandywine Communications Technologies, LLC ("Brandywine" or "Plaintiff"), submits this brief in opposition to Defendant IKANO Communications, Inc.'s ("IKANO" or "Defendant") Motion to Stay (D.I. 18 ("Brf.")).

**I.   INTRODUCTION**

In this Circuit, a motion to stay should be granted only under "the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). Defendant IKANO asks the Court to stay this case because two other cases involving the same patents (against AT&T and CenturyTel) are currently pending in other jurisdictions. The motion should be denied. As explained below, the small

degree of efficiency gain that might be obtained from the proposed stay does not justify the harm it would cause Brandywine and the other parties.

First, it is not clear that CenturyTel and AT&T will prevail on their invalidity counterclaims. In patent litigation, invalidity counterclaims are difficult to prove, and typically will not be successful at the summary judgment stage. Staying this case until the final resolution of those counterclaims will require a long wait, and may ultimately do nothing to narrow this case.

Second, even if CenturyTel and AT&T were to prevail on their non-infringement arguments, some of Brandywine's infringement claims against IKANO will still remain. Brandywine's infringement claims against IKANO are not duplicative of its claims against the two earlier defendants. IKANO offers DSL service over networks of carriers other than CenturyTel and AT&T, and provides DSL modems other than those provided by CenturyTel and AT&T. These claims against IKANO must be litigated, no matter what the outcome of Brandywine's dispute with CenturyTel and AT&T.

Third, staying this case would cause harm to Brandywine. As a litigant in this Court, Brandywine is entitled to a prompt resolution of the dispute. A lengthy delay will risk loss of evidence, which could prejudice both parties. Significantly, some of the six patents-in-suit date back more than two decades to the early 1990s. Many of the inventors are either in or nearing retirement. A lengthy delay might impact their testimony. The same is true for IKANO's employee-witnesses, as well as those of numerous third party suppliers. It is better to gather this evidence sooner than later.

Finally, public interest favors allowing this case to proceed. IKANO is one of the largest defendants among any that Brandywine has sued on these same patents. Indeed, some of the

current DSL defendants are likely customers of IKANO, and resolution of issues in this case would facilitate the resolution of others. As a leader in the DSL industry, IKANO has an unique interest in defending this lawsuit. Accordingly, this case should be allowed to proceed before the others. It should not be stayed.

## II.     FACTUAL BACKGROUND

Brandywine is the owner of six patents, whose claims cover various aspects of Digital Subscriber Loop ("DSL") technology. (D.I. 2, ¶¶ 8-14.)

In 2011, Brandywine filed suit in the Middle District of Florida against four large DSL service providers: AT&T, Verizon, CenturyLink, and EarthLink, asserting the six patents. (Declaration of Lei Sun ("Sun Decl."), ¶ 3.) Two of the four defendants (Verizon and EarthLink) have settled through the patent licensing firm RPX Corporation. (*Id.* at ¶ 4.) The AT&T case was transferred to the Northern District of California, and is now going through claim construction. (*Id.* at ¶ 5.) The CenturyLink case (now against CenturyLink's subsidiaries CenturyTel and Qwest) remains in the Middle District of Florida, and is currently awaiting a claim construction ruling from that court. (*Id.* at ¶ 6.) To date, neither group of defendants in the two cases have filed any dispositive motions. (*Id.* at ¶ 7.)

Around the end of 2012 and beginning of 2013, Brandywine filed further lawsuits against DSL providers located around the country, asserting its DSL patents against around 70additional DSL service providers. (*Id.* at ¶ 8.) Among those sued is the Defendant IKANO Communications, Inc. (*Id.* at ¶ 9.)

Defendant IKANO is a leading provider of DSL service in the United States. IKANO owns and operates DSLExtreme, which boasts tens of thousands of clients in over twenty-one major metropolitan areas across the country. (*Id.* at ¶ 10, Exs. A, B.) IKANO's DSL business is

_____

expansive and varied. IKANO delivers DSL service over the networks of most major telephone companies; it does not rely on just one carrier. (Sun Decl. at ¶ 11, Ex. C at 2.) It also sells DSL modems. (Sun Decl.at ¶ 12, Ex. C at 2.) It also provides "wholesale" DSL service, which allows other companies to resell DSL service through its circuits. (Sun Decl. at ¶ 13, Exs. D, E, F.) Indeed, some of the 70 DSL provider defendants are likely to be IKANO customers. (Sun Decl. at ¶ 14.)

### III. LEGAL STANDARD

A court has the power to stay proceedings pending before it as part of its inherent power to control its docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts should use this power to provide economy of time and effort for itself and for counsel and litigants appearing before the court. *Id.*

In exercising this power, however, courts "must weigh competing interests and maintain an even balance." *Id.* In the Tenth Circuit, in assessing the propriety of a stay in favor of a related proceeding, the district court should consider four factors:

1) whether the movant is likely to prevail in the related proceeding;

2) whether, absent a stay, the movant will suffer irreparable harm;

3) whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and

4) the public interests at stake.

*United Steelworkers of America v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003). To succeed, the movant for a stay order must make out a "clear case of hardship or inequity" in being required to go forward. *Landis*, 299 U.S. at 255. "Only in the rare circumstance will a litigant in one cause be compelled to stand aside while a litigant in another

settles the rule of law that will define the rights of both." *Id.* "[T]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading*, 713 F.2d at 1484.

## IV. ARGUMENT

### A. It Is Far from Clear Whether the Defendants in the CenturyTel and AT&T Cases Will Prevail

Defendant argues that this case should be stayed pending the resolution of the CenturyTel and AT&T cases. (*See* Brf. at 9-13.) Defendant argues that resolution of infringement and validity issues in those cases would dispose of similar issues in this case. (*See id.* at 9, 11.) These arguments are not persuasive for several reasons.

First, in patent cases, invalidity defenses are often difficult to prove. To invalidate a patent claim, the movant must overcome the presumption of validity. Validity contests involve questions of fact (in particular relating to obviousness), and they are frequently not settled at the summary judgment stage. A stay on this basis would thus require waiting until the end of trial in the two leading cases. Moreover, given the large number of patent claims that are at issue in the earlier cases, it is likely that a number of claims will ultimately survive the validity challenge. In all likelihood, CenturyTel and AT&T will not prevail on all of their invalidity counterclaims, and staying this case until resolution of those counterclaims will not amount to much in terms of savings. *See Quest Software, Inc. v. Centrify Corp.*, 2011 U.S. Dist. LEXIS 28902, *14 (D. Utah 2011) ("There is a good chance that at least some of the claims of the '501 will survive the reexamination process, leaving the Court and the parties in the same position they are in now, only months or years later. With such uncertainty, a stay is not appropriate.").

Second, it is also not clear at this stage whether CenturyTel and AT&T will prevail on non-infringement. There has been no claim construction ruling in either case. For AT&T, the

claim construction hearing is not set to take place until June. (Sun Decl., Ex. G.) Moreover, even a victory by the defendants in those cases does not completely settle all the infringement issues in this one. It is not clear from IKANO's declaration that it resells DSL service *only* from AT&T, CenturyTel, and Verizon. (*See* D.I. 20, ¶ 5.) Indeed, IKANO's website states that it also offers DSL service over Covad's network in 34 states. (Sun Decl., Ex. C.) IKANO also independently provides to its customers DSL modems manufactured by D-Link and Comtrend. (*See* Brf. at 6-7.) These two brands of modems are not offered by AT&T and CenturyTel. (Sun Decl., Exs. I, J.) Thus, Brandywine has infringement claims against IKANO that are distinct from any of its claims against CenturyTel and AT&T. A finding of non-infringement against those defendants does not completely dispose of this case against IKANO.

Finally, as of this writing, neither CenturyTel nor AT&T has actually filed any dispositive motions in the two cases. (Sun Decl. at ¶ 7.) In the CenturyTel case, the parties are waiting for a claim construction ruling, and the deadline for dispositive motions is currently September 2013. (*Id.* at ¶ 6, Ex. H.) The AT&T case has not yet gone through the claim construction process, and dispositive motions in that case are not due until April 2014. (Sun Decl. at ¶ 5, Ex. G.) It is not known whether CenturyTel and AT&T will even file summary judgment motions against all of the asserted claims. In all likelihood, resolution of all of the validity and infringement issues will take many months if not years. (Sun Decl., Ex. G.) A stay of this length is not warranted. The better course is to proceed with some discovery in this case for now. If some claims are later invalidated or found to be not infringed, the parties can narrow their dispute in this case accordingly.

**B.    Proceeding with This Case Will Not Cause Defendant Irreparable Harm**

In advancing this motion to stay, Defendant bears the burden to show a "clear case of hardship or inequity" in being required to go forward. *Landis*, 299 U.S. at 255. Defendant's brief, however, does not explain how it will suffer any harm.

Defendant will not suffer significant harm by proceeding in this case. Much of the discovery that are needed in this case will have to be carried out regardless of the outcome in the CenturyTel and AT&T cases. As explained above, Defendant distributes D-Link and Comtrend modems, which are not distributed by CenturyTel or AT&T. Thus, discovery with respect to these products will be have to be conducted in any event. In addition, to the extent that IKANO resells DSL service from a carrier other than CenturyTel and AT&T, that too will have to be investigated no matter what the outcome of the CenturyTel and AT&T cases.

In this regard, this case is different from Defendant's cited cases. For example, in *Leviton Manufacturing v. Interline Brands*, a customer suit (against Interline) was stayed because of a ***duplicative*** litigation against the manufacturer (Dongzheng). 2006 U.S. Dist. LEXIS 61944, *2-3, 5-6 (M.D. Fla. 2006). The court observed that claims in the customer suit "mirrored" claims in the manufacturer suit, and "essentially the same issues would be tried" in the two cases, creating the risk of inconsistent judgments. *Id.* at *5.

Here, in contrast, Brandywine's claims against IKANO are not duplicative of the claims against CenturyTel and AT&T. There is no reason to stay discovery on all issues. *See Waisanen v. Terracon Consultants,. Inc.*, 2009 U.S. Dist. LEXIS 123427, *4 (D. Utah 2009) (denying a stay of discovery despite a pending motion to dismiss in another court: "At some point, regardless of the outcome of the pending Motion to Dismiss, a merits analysis would need to be undertaken in one forum or another. Because of that, it does not appear that any party will suffer

substantial or irreparable harm, or any harm at all for that matter, in continuing to engage in fact discovery in this case.").

In addition, there is no serious danger of inconsistent rulings here. The CenturyTel and AT&T cases lead this case by several months. Given this lead time, decisions from those earlier cases can help guide the decision-making in this case, if the Court so desires. Such savings can be achieved without a stay.

Simply, IKANO is not placed in a worse position by having to provide discovery earlier. In fact, the opposite may be true. Earlier discovery promotes earlier settlement, and that is the aim of both parties. Staying discovery, however, prolongs the case and drives up costs for both parties.

### C. Staying This Case Will Cause Brandywine Substantial Harm

Defendant argues that there is no risk that Brandywine will suffer irreparable harm from a stay because it is a non-practicing entity. (*See* Brf. at 13.) But that does not end the inquiry.

First, like all other litigants before this Court, Brandywine is entitled to a prompt resolution of the dispute.

Further, one consideration weighing against a stay is the potential loss of evidence that can occur over the period of stay. *See Quest Software*, 2011 U.S. Dist. LEXIS 28902 at *13-14. In this case, some of the patents-in-suit were filed over two decades ago. The inventors of the patents are all in or nearing retirement. These individuals are likely to be important witnesses in this case. If a stay were imposed as proposed by Defendant, this case may remain dormant until late 2014, when the AT&T case is finally tried. During that time, witnesses' memories may fade and evidence may be lost. To the extent inventor testimony is needed in this case, it is better to obtain it before rather than after 2014.

The same is true for any other witness. This includes IKANO's own employee witnesses, as well as those of any third parties.

### D. Public Interest Favors Proceeding

Finally, the public interest favors allowing this case to proceed. The public has in interest in the speedy resolution of matters in all U.S. district courts. *Bigelow v. Gynecare, Inc.*, 2010 U.S. Dist. LEXIS 84961, *5 (D. Colo. 2010).

Further, as IKANO pointed to in its brief, this is one of around 70 cases currently pending in district courts around the country in which Brandywine has asserted the same six patents against various DSL service resellers. (*See* D.I 19, Ex. 1.) Of those defendants, IKANO is one of the largest. (*See* Sun Decl., Exs. A-F.) In fact, some of the defendants are likely customers of IKANO's DSL wholesale service. (Sun Decl. at ¶ 14.) Because of its position as an upstream DSL reseller and its large size, IKANO has an unique interest in the outcome of this case and is in the best position to litigate this case. Public interest thus favors allowing this case to proceed before the others. Indeed, a resolution in this case may well facilitate resolution in the other cases. This case, therefore, should not be stayed.

### V. CONCLUSION

For the foregoing reasons, Brandywine respectfully requests that the Court deny Defendant's motion to stay.


Dated: March 29, 2013                     Respectfully submitted,


                                          /s/
                                          James B. Belshe
                                          Joseph G. Pia
                                          *Attorneys for Plaintiff*
                                          *Brandywine Communications Technologies, LLC*

---

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on the 29th day of March, 2013, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which automatically sent email notification of such filing to all counsel who have entered an appearance in this action.

                */s/* James B. Belshe
                James B. Belshe
                Joseph G. Pia
                *Attorneys for Plaintiff*
                *Brandywine Communications Technologies, LLC*