JAMES B. BELSHE (USB No. 9826)
Jim.Belshe@padrm.com
JOSEPH G. PIA (USB No. 9945)
Joe.Pia@padrm.com
PIA ANDERSON DORIUS REYNARD & MOSS
222 South Main Street, Suite 1830
Salt Lake City, UT 84101
Telephone: (801) 350-9000
Facsimile: (801) 350-9010

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| BRANDYWINE COMMUNICATIONS TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>IKANO COMMUNICATIONS, INC.,<br><br>Defendant. | **PLAINTIFFS'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>Civil Action No. 2:12-cv-1214<br><br>Judge David Nuffer |

Plaintiff Brandywine Communications Technologies, LLC ("Brandywine" or "Plaintiff"), submits this brief in opposition to Defendant IKANO Communications, Inc.'s ("IKANO" or "Defendant") Rule 12(b)(6) Motion to Dismiss (D.I. 17 ("Brf.")).

I. **INTRODUCTION**

Defendant moves to dismiss Brandywine's claims for direct infringement, inducement, and contributory infringement. Defendant argues that the complaint should identify, among other things, the specific model numbers of the accused products, the specific direct infringers

underlying Brandywine's indirect infringement claims, and the specific advertising accused of in Brandywine's inducement claims.

None of these details are required by the Federal Rules. Rather, the Rules only require the complaint to place the defendant on fair notice of what the plaintiff's claim is. Accused in this case is Defendant's Digital Subscriber Loop ("DSL") technology, which includes Defendant's DSL service, DSL equipment that Defendant uses to deliver that service, and DSL modems that Defendant distributes to its customers to receive that service. The complaint makes all of that clear. Defendant is fully aware of what equipment it is using and distributing, what advertising it is circulating, and what customers it has. It has been placed on ample notice of Brandywine's claims, and it is now its turn to answer.

## II. LEGAL STANDARD

Under the Federal Rules, a plaintiff's complaint is only required to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all well-pleaded factual allegations in the complaint, and views these allegations in the light most favorable to the plaintiff. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010). All reasonable inferences from the complaint must be drawn in favor of the plaintiff. *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012). While it is clear that the complaint must allege enough facts to state a claim that is "plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the "plausibility" standard is not akin to a probability requirement. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). It simply asks for enough facts to "raise a reasonable expectation that discovery will reveal evidence" that a defendant has acted unlawfully. *Id*. The

point is to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007).

In patent litigation, as in other litigation, a plaintiff need only plead facts sufficient to place the alleged infringer on notice. *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000). For a direct infringement claim, the short and simple Form 18 of the Federal Rules of Civil Procedure provides the pleading standard. *Superior Indus., LLC v. Thor Global Enters.*, 700 F.3d 1287, 1295 (Fed. Cir. 2012). Although most courts take the view that Form 18 is not the pleading standard for indirect infringement claims, the standard is not high. Significantly, it is clear that nothing in the *Twombly* decision or its progeny altered the rule that in reviewing a complaint for dismissal under Rule 12(b)(6), all reasonable inferences must be drawn in favor of the plaintiff. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1340 (Fed. Cir. 2012). A well-pleaded complaint may proceed "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

### III. ARGUMENT

#### A. Brandywine's Direct Infringement Claims Are Properly Pled

For state a claim for direct infringement of a patent, Form 18 of the Federal Rules of Civil Procedure provides the pleading standard. *Superior Indus., LLC v. Thor Global Enters.*, 700 F.3d 1287, 1295 (Fed. Cir. 2012). The form sets forth a model complaint for patent infringement, which all courts agree satisfies the pleading standard for direct infringement:

> 1. (Statement of Jurisdiction -- *See* Form 7.)
> 2. On --*date*--, United States Letters Patent No. ------ were issued to the plaintiff for an invention in an --*electric motor*--. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.

_____

> 3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using --*electric motors*-- that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.
> 4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all --*electric motors*-- it manufactures and sells and has given the defendant written notice of the infringement.

Fed. R. Civ. P. Appx. Form 18.

Defendant argues that Brandywine's complaint fails to state a plausible claim of direct infringement because it does not identify the name or model number of the allegedly infringing device. (Brf. at 6.) The argument is meritless. Form 18 does not require any model numbers or product names. All it requires is a general category of products, for example, "electric motors."

Brandywine's complaint specifically states the accused products and services include Defendant's "DSL service, modems, and equipment." (*See, e.g.*, D.I. 2 ("Cmplt.") at ¶ 27.) This allegation meets the level of detail required under Form 18.

Defendant cites the *Catheter Connections v. Ivera Medical Corporation* case (*see* Brf. at 6) for its position that model numbers are necessary. (*See* Brf. at 6.) But the complaint in that case failed because there, the very *existence* of accused product was pled on "information and belief." *See* 2012 U.S. Dist. LEXIS 135720, *3 (D. Utah 2012). A later case distinguished *Catheter Connection* on that basis. *See Driessen v. Sony Music Entm't*, 2012 U.S. Dist. LEXIS 152822, *11 (D. Utah 2012).

Brandywine's complaint does not allege the *existence* of the accused product "on information and belief."There is no question that Defendant provides DSL service and modems. (*See, e.g.*, Cmplt. at ¶ 30 ("In particular, the Accused Services and Products include DSL modems, which constitute an especially adapted component to receive Defendant's DSL

___

service.").) *Catheter Connections* is therefore inapposite. Since all of Defendant's DSL service and modem are accused, there is no reason to identify products and services by "model number."

Defendant next cites *Radiation Stabilization Solutions v. Varian Medical Systems* for the proposition that the phrase "including but not limited to" is improper. (*See* Brf. at 4-5.) First, that case has had no following outside of the Seventh Circuit. There is no categorical rule that use of the word "including" destroys the notice function of a properly pled complaint. Indeed, cases from other jurisdictions indicate that there is no such rule. *See Brandywine Communs. Techs., LLC v. Cellco P'ship*, 2012 U.S. Dist. LEXIS 158406, *14-16 (M.D. Fla. 2012) (finding sufficient an allegation of direct infringement accusing products "including" the Apple iPhone 4, and services "such as" visual voicemail).

Further, in the *Radiation Stabilization Solutions* case, the complaint used the phrase "at least" in front of *every* mention of the two specific identified accused products. *See* 2012 U.S. Dist. LEXIS 122148, *6 (N.D. Ill. 2012). Given the consistent use of that language, the court found it "far from obvious" that the two identified products were the "sole products at issue." *Id.*

This is not the case with Brandywine's complaint. Brandywine's complaint makes clear that it is accusing only Defendant's DSL business. Indeed, the complaint states that Defendant was notified that it was infringing through the operation of "its Digital Subscriber Line . . . business." (Cmplt. at ¶ 14.) From this recital, the scope of Brandywine's allegations is undeniably clear. The complaint places the Defendant on fair notice that it is its DSL service, modems, and equipment that are at issue in this dispute.

Finally, Defendant cites *Ziptronix v. Omnivision Technologies* to argue that a complaint must recite **the steps of a method claim**. (*See* Brf. at 7.) That case is also distinguishable. In

_____

that case, Omnivision's counterclaims did not "identify any alleged infringing products manufactured by" Ziptronix. (*See* Ex. 1 at 3.) Brandywine's complaint does.

Moreover, in its opinion, the *Ziptronix* court relied on a Federal Circuit case *Desenberg v. Google*. (*See* Ex. 1 at 6.) But *Desenberg* involved with a situation where the complaint contained a facially clear "divided infringement" problem (in which two unrelated parties each perform one or more steps of a given method claim of a patent). *See* 392 Fed. Appx. 868, 870 (Fed. Cir. 2010) ("the district court held that a claim for direct infringement 'would require Desenberg to allege that Google performs both the 'user' and 'provider' steps in the claim, which Desenberg has not alleged, and by the very terms of his patent, cannot realistically allege.") Here in contrast, there is no divided infringement issue on the face of Brandywine's complaint.

The Rules do not require the plaintiff to allege steps in an asserted method claim. In fact, according to Form 18, the plaintiff need not even identify at the pleading stage which claims are being asserted. Brandywine's direct infringement claims meets the Form 18 standard and should not be dismissed.

    **B.**    **Brandywine's Inducement Claims Are Properly Pled**

Defendant argues that Brandywine fails to state a claim for inducement. (*See* Brf. at 8-12.) In particular, Defendant contends that Brandywine's statements do not (1) identify any alleged direct infringement, and (2) state a plausible claim of the specific intent element. (*See id.* at 8, 10.) Both of these arguments misstate the law.

First, the complaint need not specifically identify third party direct infringers. This same argument was squarely rejected in the recent *In re Bill of Lading* decision from the Federal Circuit. *See* 681 F.3d at 1336. The Federal Circuit explained that it has in the past upheld claims

_____
BRANDYWINE OPPOSITION TO IKANO'S MOTION TO DISMISS    Page 6 of 13

of indirect infringement premised on circumstantial evidence of direct infringement by unknown parties. *Id.* "Given that a plaintiff's indirect infringement claims can succeed *at trial* absent direct evidence of a specific direct infringer, [courts] cannot establish *a pleading standard* that requires something more." *Id.* (emphasis added).

Defendant next argues that Brandywine must identify the advertising and training materials to lead to the direct infringement. (*See* Brf. at 9-10.) That is also not a requirement under the Rules. The complaint already states that Defendant offers DSL service and modems. It is plausible to infer from those allegations that Defendant also distributes advertisements and instruction manuals to its DSL customers, whose use of such service and modems infringe the patents-in-suit. Defendant knows precisely what advertising and instructions it is providing to its customers. Again, it has received notice of Brandywine's claims.

Contrary to Defendant's argument, the complaint does set forth sufficient allegations to support the specific intent element. Under the law, the specific intent element of an inducement claim may be inferred from other factual allegations. For example, in *Transunion Intelligence v. Search America*, a district court in Minnesota ruled that a plaintiff pled a plausible inducement claim when it alleged that (1) the defendant knew of the patent, (2) the defendant performed all but one steps of the patent, and (3) the defendant's customers perform the remaining step of the patent. 2013 U.S. Dist. LEXIS 24233, *1-3 (D. Minn. 2013). The defendant moved to dismiss, arguing that the plaintiff has failed to plausibly plead the specific intent element. *Id.* at *1-3. The court denied the motion, finding that an inducement claim was properly stated when the plaintiff alleges that the defendant instructed its customers to infringe after gaining knowledge of the patent. *Id.* at *3-4.

Here, Brandywine's complaint includes similar allegations. First, the complaint alleges that Defendant gained knowledge of the patents-in-suit from the December 10, 2012 notice letter. (Cmplt. at ¶¶ 14, 28.)[1] Second, it is alleged that Defendant's DSL modems and DSL service infringe the patents-in-suit. (*Id.* at ¶ 26.) Finally, the complaint alleges that since receiving notice, Defendant is inducing its customers to infringe by actively aiding and abetting the customers' use of the DSL modems and service. (*Id.* at ¶ 31.) Such aiding and abetting includes providing advertising, instruction materials, training, and consulting services regarding the DSL modems and service. (*Id.* at ¶ 32.) Again, Defendant cannot possibly claim that it is in any way confused about what Brandywine's claims are alleging. At this stage, the allegations are plausible based on reasonable inferences. Taken together, these allegations properly state a claim for inducement.

### C. Brandywine's Contributory Infringement Claims Are Properly Pled

Defendant further argues that Brandywine fails to state a claim for contributory infringement because the claim requires factual allegations concerning the particular elements of 35 U.S.C. § 271(c). (*See* Brf. at 12-13.) But Brandywine's complaint does provide these factual allegations:

| Element of Contributory Infringement | Exemplary Brandywine's Allegations |
|---|---|
| The Accused Services and Products are capable of no substantial non-infringing uses. (Brf. at 12.) | In particular, the Accused Services and Products include DSL modems, which constitute an especially adapted component to receive Defendant's DSL service. These |

---

[1] Defendants claim to have never received the letter, but this creates a factual issue, not a pleadings issue. Moreover, even if the notice letter was not received by Defendant, Defendant nonetheless has received notice of the patents-in-suit and its infringement since the date that the complaint was served. Service of the complaint provides further support that Defendant's continued operation of its DSL business satisfies the "specific intent" element of inducement.

---

| | |
|---|---|
| | modems are used by Defendant's partners and customers to perform all of the steps recited in one claim of the '537 patent. These modems have no substantial non-infringing uses at least because they contain components whose only purpose is to practice the claimed method of providing the infringing DSL service. (Cmplt. at ¶ 30.) |
| The Accused Services and Products are a material part of the alleged inventions. (Brf. at 13.) | . . . since at least the time it received Brandywine's December 10, 2012 notice letter, Defendant has committed and continues to commit acts of contributory infringement . . . by providing products, including the Accused Services and Products to others, including but not limited to its customers and partners, knowing or willfully blind to the fact that these products constitute a material part of the invention[.] (Cmplt. at ¶ 29.)<br><br>In particular, the Accused Services and Products include DSL modems, which constitute an especially adapted component to receive Defendant's DSL service. These modems are used by Defendant's partners and customers to perform all of the steps recited in one claim of the '537 patent. (Cmplt. at ¶ 30.) |
| IKANO knew that the Accused Services and Products were especially made or especially adapted for use in an infringement of the '537 and '657 patents. (Brf. at 13.) | On December 10, 2012, Brandywine sent a letter to Defendant notifying Defendant that it has been infringing the '854, '328, '537, '657, '501, and '472 Patents through the operation of its Digital Subscriber Line ("DSL") business. This letter was sent by certified mail with return receipt requested. Upon information and belief, Defendant has received the letter. (Cmplt. at ¶ 14.)<br><br>. . . since at least the time it received Brandywine's December 10, 2012 notice letter, Defendant has committed and continues to commit acts of contributory infringement . . . (Cmplt. at ¶ 29.) |

---

| | |
|---|---|
| The direct infringement that IKANO contributed to (Brf. at 13.) | The use of these modems by Defendant's partners and customers constitutes direct infringement of at least one claim of the '537 Patent. (Cmplt. at ¶ 30.) |

Accepting these allegations as true, and construing the allegations in a light most favorable to Brandywine, they are sufficient to state a claim for contributory infringement.

Defendant argues that Brandywine fails to plead facts that allow an inference that the accused products and services are *especially made or especially adapted* for use in an infringement. (*See* Brf. at 12.) This is not so. Brandywine's complaint makes clear that use of DSL service infringes the patents-in-suit. Since the modems in question are designed to enable that service and is a material component to delivering that service, it meets that element of contributory infringement.

Defendant argues that Brandywine fails to plead facts that allows an inference that the accused products and services are a *material part* of the invention. (*See* Brf. at 13.) Again, this is incorrect. From a quick glance at the '537 and '657 patents, a number of the claims are directed to processes that are carried out by data communications equipment. (*See, e.g.*, Cmplt., Ex. C., claim 19.) Thus, it is clear that the accused modem, which is a piece of data communications equipment, is material to these inventions of the patents.

Defendant also argues that Brandywine did not plead that Defendant *knew* that the DSL modems were *especially made or adapted* for infringement. (*See* Brf. at 13.) As the complaint indicates, Brandywine sent Defendant a letter on December 10, 2012, which notified Defendant

that it is infringing the patents-in-suit through its DSL business.[2] (Cmplt. at ¶ 14.) Granting all reasonable inferences from that allegation, Defendant, after studying the patents and the accused products, knew or should have known that its DSL modems are the modems are the especially-made components that contribute to its customer's direct infringement.

Finally, Defendant argues that Brandywine failed to identify the *direct infringement* underlying the contributory infringement, and how that infringement was accomplished. (*See* Brf. at 13.) Brandywine's complaint states that "use of [the DSL] modems by Defendant's partners and customers constitute direct infringement of at least one claim of the '537 patent." (Cmplt. at ¶ 30.) As stated previously, it is alleged that some method claims of the '537 and '657 patents are carried out by the modems. Defendant's customers infringe these patents by using the modems. These inferences can be reasonably drawn from the allegations made in the complaint. Moreover, as previously discussed, the complaint need not specifically identify third party direct infringers to plead an indirect infringement claim. *In re Bill of Lading*, 681 F.3d at 1336. Here the complaint points to Defendant's "partners and customers." Accordingly, Brandywines allegations are more than sufficient.

### D. If the Court Is Inclined to Grant Any Portion of Defendant's Motion, Brandywine Should Be Allowed an Opportunity to Amend

Brandywine believes its complaint properly states claims of direct infringement, inducement, and contributory infringement. However, if this Court believes there are issues with

---

[2] As with the "specific intent" element in inducement, receipt of the complaint itself also provides a separate factual basis that Defendant gained knowledge of the patents-in-suit and its infringement, and that its DSL modems are material components especially adapted for use in an infringement by third parties.

_____

any of Brandywine's allegations that require clarification, Brandywine respectfully requests an opportunity to address those issues.

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend a pleading "shall be freely given when justice so requires."  As the Supreme Court stated in *Foman v. Davis*, "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given'." 371 U.S. 178, 182, (1962).  None of these reasons are present here.

## IV. CONCLUSION

For the foregoing reasons, Brandywine respectfully requests that the Court deny Defendant's motion to dismiss.  In the alternative, if the Court deems it necessary, Brandywine respectfully requests leave to amend its complaint to address any issues that the Court feels requires remedy.


Dated:  March 29, 2013                        Respectfully submitted,


                                              */s/* James B. Belshe
                                              James B. Belshe
                                              Joseph G. Pia
                                              *Attorneys for Plaintiff*
                                              *Brandywine Communications Technologies, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29th day of March, 2013, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which automatically sent email notification of such filing to all counsel who have entered an appearance in this action.

/s/ James B. Belshe
James B. Belshe
Joseph G. Pia