John N. Zarian, USB No. 13454
PARSONS BEHLE & LATIMER
960 Broadway Avenue, Suite 250
Boise, Idaho 83706
Telephone:  (208) 562-4900
Facsimile:  (208) 562-4901
Email: jzarian@parsonsbehle.com

Attorneys for Defendant
IKANO Communications, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| BRANDYWINE COMMUNICATIONS TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>IKANO COMMUNICATIONS, INC.,<br><br>Defendant. | Case No. 2:12-CV-1214-DN<br>District Judge David Nuffer<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |

## I.  INTRODUCTION

In its Motion to Dismiss for Failure to State a Claim (Dkt. 17), IKANO Communications, Inc. ("IKANO") demonstrated that plaintiff's claims for direct patent infringement, active inducement of infringement, and contributory infringement fail to meet the pleading standards of the Federal Rules of Civil Procedure.  As discussed below, plaintiff Brandywine Communications Technologies, LLC's Opposition (Dkt. 27) offers no substantive defense of the complaint's conclusory and factually deficient infringement allegations.  Therefore, IKANO submits the motion to dismiss should be granted.

1

In opposition, Brandywine cannot point to any facts in the complaint that support a valid claim for relief. Instead, Brandywine stands on the fact-barren, conclusory allegations of the complaint – which fails to identify which of the 92 claims of six patents are being asserted against IKANO and fails to identify any of the IKANO "Services and Products" accused of alleged "patent infringement." Brandywine argues that it is not required to include such basic information, and that the complaint need only recite a breezy accusation that something about IKANO's entire DSL business somehow infringes "one or more" of the 92 patent claims at issue.

These arguments simply ignore Brandywine's pleading requirements. Clearly, Brandywine's vague allegations of direct infringement fail to provide IKANO with fair or adequate notice of Brandywine's claims. Accordingly, the Court should dismiss Brandywine's claims for direct infringement for failure to state a claim.

Brandywine's claims for active inducement of infringement and contributory infringement also fail to satisfy the applicable pleading requirements and should be dismissed as well. Not surprisingly, perhaps, Brandywine's opposition devotes very little effort to defending its claims for active inducement and contributory inducement. Brandywine simply points to the same conclusory allegations in the complaint, leaving IKANO and the Court to guess as to how IKANO may have indirectly infringed the Patents-in-Suit. Such pleading is inadequate and fails to satisfy the plausibility standard of *Iqbal* and *Twombly*.

For these reasons, and for the reasons set forth below and in IKANO's Motion to Dismiss, the Court should dismiss the Complaint in its entirety for failure to state a claim.

II. **BRANDYWINE'S VAGUE AND FACT-BARREN COMPLAINT FAILS TO STATE A PLAUSIBLE CLAIM OF DIRECT INFRINGEMENT.**

As described in IKANO's motion to dismiss, Brandywine's complaint fails to provide IKANO with reasonable notice of Brandywine's claims for direct infringement. Indeed, the

2

complaint fails to identify a single accused service or product and fails to identify which one or more of the 92 separate claims of the six patents-in-suit may have been directly infringed by IKANO. Under the circumstances, Brandywine has failed to state a claim for direct infringement and failed to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.[1]

Instead of offering any specific, substantive response to IKANO's arguments, Brandywine resorts to the shopworn argument that its claims for direct infringement "meet the level of detail required under Form 18."[2] According to Brandywine, Form 18 somehow trumps the Federal Rules to require nothing more than a sweeping accusation that IKANO's "DSL service and equipment" infringe one or more of 92 patent claims.[3]

Of course, Brandywine does not cite a single case in defense of the foregoing argument, nor does it distinguish the cases cited in IKANO's motion to dismiss – in which courts have dismissed vague claims for direct infringement similar to Brandywine's claims here.[4]

For example, in *Catheter Connections*, this Court dismissed a complaint for direct infringement because, like Brandywine's complaint, it contained "no identifying information such as the name or model number of the allegedly infringing device."[5]

---

[1] *See* Defendant's Motion to Dismiss for Failure to State a Claim ("Mtn.") at 5-8 of 19.

[2] Plaintiff's Opposition to Defendant's Motion to Dismiss for Failure to State a Claim ("Opp.") at 4.

[3] *Id*. at 5.

[4] Brandywine does not address, or even attempt to distinguish, *IPVenture, Inc. v. ASUS Computer Intl*., 12-cv-04143 (N.D. Cal Jan 30, 2013) (dismissing claim for direct infringement that failed to identify particular accused product, product line, or component) or *Prism Technologies, LLC v. AT&T Mobility, LLC*, 8:12-CV-122, 2012 WL 3867971 (D. Neb Sept. 6, 2012) (dismissing claim for direct infringement directed to "various wireless products and data services.") *See* Mtn. at 10, n2.

4843-3205-0963. 1

To be sure, Brandywine attempts to distinguish *Catheter Connections* on the grounds that "the very existence of accused product [sic] was pled on 'information and belief'" in that case.[6] However, this is a meaningless distinction. Brandywine's direct infringement allegations in this case are also pled on "information and belief." Moreover, if anything, Brandywine's complaint includes even *less* factual information than the defective complaint dismissed in *Catheter Connections* (which at least identified one asserted claim), as shown in the table below (emphasis supplied):

| **Brandywine's Complaint** | **Complaint in *Catheter Connections*[7]** |
|---|---|
| 16. *Upon information and belief*, Defendant has infringed *one or more claims* of the '854 Patent in this judicial district and elsewhere by making, using, selling, and/or offering for sale *services and products* that infringe and/or perform processes that infringe one or more claims of the '854 Patent ("Accused Services and Products for the '854 Patent"). … | 13. Ivera, through its manufacturer, has manufactured, and *on information and belief* is currently manufacturing a *male luer disinfecting cap (the "Ivera Cap") to protect and disinfect the male luer and to compete with the Dual Cap*. Defendant has demonstrated the use of the Ivera cap for hospital personnel in the United States, and on information and belief, Defendant will continue to make and use this cap. … |
| 17. *Upon information and belief*, Defendants Accused Services and Products for the '854 Patent include but are not limited to Defendant's *DSL service and equipment*. | 15. *Upon information* and belief, Defendant is making, using, offering to sell and/or selling products in the United States, including *at least the Ivera Cap*, which directly infringe *at least claim 1 of the '587 patent*. |

Thus, the (rejected) complaint in *Catheter Connections* identified at least one accused product (albeit not by name or model number) and at least one asserted patent claim – which is

---

[5] *Catheter Connections, Inc. v. Ivera Med. Corp.*, 2:12-CV-748, 2012 WL 4341743, *1 (D. Utah Sept. 21, 2012).

[6] Opp. at 4.

[7] Attached hereto as Exhibit 1.

4

significantly *more* detail than Brandywine has provided defendants and the Court in the defective complaint filed here.

Brandywine's attempts to distinguish *Radiation Stabilization*[8] and *Ziptronix*[9] also fail. To be clear, IKANO does not cite *Radiation Stabilization* "for the proposition that the phrase 'including but not limited to' is improper."[10] Rather, IKANO objects that Brandywine's use of "including but not limited to" makes an already vague "definition" of the accused Services and Products ("DSL service and equipment") *even worse*. Indeed, the language is so vague that it is impossible for IKANO to understand Brandywine's claims and respond meaningfully.[11]

Brandywine's attempts to distinguish *Ziptronix* are equally unavailing. Brandywine asserts that, unlike the counterclaims dismissed in *Ziptronix*, the complaint in this case identifies accused products.[12] This assertion is simply untrue. Brandywine's identifies no such products. Surely, identifying an accused product means something more than making the sweeping statement that a "DSL business" infringes one or more patent claims relating to DSL services and/or products through the company's "DSL services and products" (without limitation).

Ultimately, Brandywine acknowledges that its complaint provides no factual information to identify the accused "Services and Products." However, Brandywine seeks to excuse such fatally vague pleading by asserting that this case somehow targets IKANO's *entire* "DSL

---

[8] 2012 WL 3757489 (N.D. Ill. Aug. 28, 2012).

[9] 2011 WL 5416187 (N.D. Cal. Nov. 8, 2011).

[10] *See* Opp. at 5.

[11] Mtn. at 11.

[12] Opp. at 6.

*business*,"[13] which Brandywine itself describes as "expansive and varied."[14] This is a rhetorical feint that simply cannot excuse the complaint's defectively vague pleading.

Clearly, Brandywine is aware that IKANO resells DSL services from several carriers (including AT&T, CenturyTel, and Verizon) and provides its customers with modems made by multiple manufacturers (including D-Link and Comtrend).[15] Nevertheless, Brandywine refuses to identify *which* of these (or *any* of which) "DSL services and products" are accused.

Brandywine cannot satisfy the pleading requirements by vaguely accusing IKANO's entire DSL business of infringing one or more unidentified claims of the 92 patent claims at issue. To the contrary, courts have routinely held that, to satisfy Form 18, a claim for direct infringement must provide reasonable notice and must include more than a general description of the defendant's business.[16]

Accordingly, Brandywine has failed to meet the applicable pleading requirements and its claims for direct infringement against IKANO should be dismissed.

### III. BRANDYWINE'S OPPOSITION FAILS TO ADDRESS THE ABSENCE OF FACTS IN THE COMPLAINT REQUIRED TO STATE A PLAUSIBLE CLAIM FOR ACTIVE INDUCEMENT.

Brandywine's Opposition fails to identify any facts pled in the Complaint that would allow the Court to plausibly infer that IKANO actively and intentionally induced a third party to

---

[13] *Id*. at 5, 7.

[14] Plf.'s Opp. to Def.'s Mtn. to Stay (Dkt. 25) at 4.

[15] *Id*. at 6; Decl. of George Mitsopoulos (Dkt. 20) ¶¶ 4-5.

[16] *See, e.g., Klausner Tech., Inc. v. Applied Voice & Speech Tech., Inc*. 6:12-cv-00168-LED (E.D. Tex., Mar. 20, 2013) at. P. 4 of 5 (claim directed to defendant's "visual voicemail products" dismissed for failure to satisfy requirements of Form 18 because "visual voicemail products" was a "vague description" that "fail[ed] to put the Defendant on notice"); *see also Landmark Tech, LLC v. Aeropostale,* No. 6:09-cv-262, 2010 WL 5174954, at *3 (E.D. Tex. Mar. 29, 2010) (accused products identified as "electronic commerce systems" too vague to meet the requirements of Form 18).

4843-3205-0963. 1

directly infringe any claims of the Patents-in-Suit. Under the circumstances, the Court should dismiss Brandywine's claims for active inducement, for at least two reasons.

First, as discussed in IKANO's motion to dismiss, Brandywine's complaint fails to plead any facts to suggest that a third party (or anyone) directly infringed one or more claims of the patents in suit.[17] In opposition, Brandywine argues that *Bill of Lading*[18] stands for the proposition that a plaintiff is not required to identify a specific direct infringer to state a valid claim for active inducement of infringement.[19] However, Brandywine cites only *part* of the Federal Circuit's holding in *Bill of Lading*, which states that, "[t]o state a claim for indirect infringement, [ ] a plaintiff need not identify a specific direct infringer ***if it pleads facts sufficient to allow an inference that at least one direct infringer exists***."[20] Here, Brandywine's complaint fails to identify a single direct infringer and it is so bereft of facts that it does not allow this Court to plausibly infer that any direct infringer exists.

Brandywine argues that is has no obligation to identify the "advertising …, instruction materials, training, and consulting services" that IKANO allegedly used to induce others' infringement.[21] However, without identifying how IKANO allegedly induced unidentified third parties to infringe unidentified patent claims, Brandywine's claims amount to nothing more than

---

[17] Mtn. at 8-10.

[18] *In re Bill of Lading Transmission and Processing System Patent Litigation,* 681 F.3d 1323 (Fed. Cir. 2012).

[19] Opp. at 6.

[20] *Bill of Lading,* 681 F.3d at 1336 (emphasis added).

[21] Opp. at 7.

threadbare recitals of the cause of action for inducement of infringement. Surely, such pleading fails to satisfy the requirements of *Iqbal* and *Twombly*.[22] More is required.[23]

Second, as IKANO demonstrated it its motion to dismiss, Brandywine's complaint also fails to state a claim for active inducement of infringement because it fails to include sufficient allegations that IKANO *knowingly* induced infringement and *specifically intended* to encourage another's direct infringement.[24] Indeed, Brandywine's opposition does not (and cannot) point to any facts in the complaint suggesting that IKANO acted with "culpable conduct, directed to encourag[e] another's infringement."[25] Instead, Brandywine argues that the Court may somehow "infer" specific intent from "other factual allegations."[26]

Brandywine's argument fails because there are no "other factual allegations" in the complaint from which any such intent may be inferred.[27] It is for this reason that Brandywine's opposition makes no attempt to *identify* the "other factual allegations" from which intent may be inferred — electing, instead, to cut and paste blocks of (defective) allegations from the complaint.[28] To the extent any of these "other factual allegations" refer to the unidentified advertising …, instruction materials, training, and consulting services" referenced in the

---

[22] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action supported by mere conclusory statements do not suffice" to state a claim for relief.)

[23] Raising further questions, whereas Brandywine's complaint baldly asserted the existence of "advertising …, instruction materials, training, and consulting services" that IKANO allegedly used to induce others' infringement, Brandywine's opposition brief *backpedals* to claim only that it is "plausible to infer" that such advertisements and instructions exist. (Opp. at 7.)

[24] Mtn. at 10-11.

[25] *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (*en banc*).

[26] Opp. at 7.

[27] *See Bill of Lading*, 681 F.3d at, 1331 (Courts are not required to "accept as true legal conclusions or unwarranted factual inferences.").

[28] Opp. at 8.

complaint, they are clearly insufficient because "[m]erely including instruction and videos, standing alone, are innocuous activities that do not suggest a 'specific intent to encourage another's infringement.'"[29]

Brandywine cites the District of Minnesota's opinion in *Transunion Intelligence v. Search America*[30] to argue that the Court may rely on Brandywine's unspecified "other factual allegations" to infer specific intent.[31] However, Brandywine's reliance on *Transunion* is misplaced. In that case, the Court denied the defendants' motion to dismiss a claim for inducement of infringement because the complaint included specific factual allegations that: (1) the defendant knew of the patent-in-suit; (2) the defendant studied the patent-in-suit to distinguish it from defendant's own patent application; (3) the defendant performed all but one of the steps of the accused patent; (4) defendant or a customer worked with defendant to perform the remaining step; and (5) defendant's customers "performed the 'inputting' step by populating an on-line form created, controlled, and provided by [defendant]."[32]

Brandywine's Complaint does not come close to including the level of factual detail pled by the plaintiff in *Transunion*. Unlike the complaint in *Transunion*, Brandywine's complaint here fails to identify a single method of the patents-in-suit that IKANO alleged performed, let alone the particular steps of a method that Brandywine allegedly performed on its own or in combination with its "partners and customers."

---

[29] *See Bonutti Skeletal Innovations v. Linvatec Corp.*, 6:12-cv-1379-Orl-22TBS, (M.D. Fl. Apr. 2, 2013) (citing *DSU Med. Corp.*, 471 F.3d at 1306).

[30] 2013 WL 656616 (D. Minn. Feb. 22, 2013).

[31] Opp. at 7.

[32] *Transunion*, 2013 WL 656616 at *1.

9

In sum, Brandywine's opposition fails to identify any facts pled in the complaint that would rescue its claims for active inducement of infringement from dismissal.

Accordingly, the Court should grant IKANO's motion to dismiss.

### IV. BRANDYWINE'S OPPOSITION FAILS TO ADDRESS THE ABSENCE OF FACTS IN THE COMPLAINT REQUIRED TO STATE A PLAUSIBLE CLAIM FOR CONTRIBUTORY INFRINGEMENT.

Brandywine's claims for contributory infringement against IKANO suffer from the same deficiencies as its claims that Brandywine actively induced infringement.

As described in the motion to dismiss, the complaint fails to include any facts to suggest that the unidentified accused "Services and Products" have no substantial non-infringing uses.[33] The Complaint also fails to include any facts that would allow the Court to plausibly infer that the unidentified accused "Services and Products" are a material part of the alleged inventions and were especially designed for the purpose of infringing the asserted patents.[34] Thus, the complaint fails to state a claim for contributory infringement. *See* 35 U.S.C. § 271(c)

In its opposition, Brandywine simply copies and pastes its threadbare allegations of contributory infringement from the complaint – without any attempt to defend those allegations with reference to any case law.[35]

Brandywine also fails to acknowledge—let alone distinguish—this Court's holding in *Driessen v. Sony Music Entm't*.[36] In *Driessen*, the Court dismissed a claim for contributory infringement because of plaintiff's "conclusory" allegations that the accused product had no

---

[33] Mtn. at 12-13.

[34] *Id*. at 13.

[35] *See* Opp. at 8-10.

[36] 2:09-CV-0140-CW, 2012 WL 5293039 (D. Utah Oct. 23, 2012).

substantial non-infringing uses.[37] Here, like the complaint dismissed in *Driessen*, Brandywine's complaint includes nothing more than conclusory allegations that the accused "Services and Products" have no substantial non-infringing uses. Here, too, such claims should be dismissed.

Brandywine suggests that the Court should take a "quick glance" at the claims of the '537 and '657 patents to infer that the unidentified accused "Services and Products" are a material part of the claimed inventions.[38] Without asserting that claim 19 of the '537 Patent has been infringed, Brandywine suggests that a "quick glance" at this patent claims somehow reveals the "accused modem … is material to these inventions of the patents."[39]

This argument is critically flawed, for several reasons. <u>First</u>, Brandywine's contributory infringement claim is subject to the pleading standards of *Iqbal* and *Twombly*, not to a "quick glance standard" involving an analysis of 92 patent claims to divine a claim for contributory infringement. <u>Second</u>, Brandywine's argument extends beyond the pleadings because the complaint does not identify claim 19 (or any other claim) as one that IKANO contributorily infringed. <u>Third</u>, the complaint does not identify which of the models sold by IKANO is the "accused modem," and does not include any plausible facts to suggest that that this unidentified "accused modem" is material to one or more unspecified invention(s) of the six patents in suit.

Ultimately, Brandywine simply cannot point to any facts in the complaint that would allow the Court to infer that IKANO offered the unidentified accused "Services and Products," knowing they were especially made or especially adapted to infringe Brandywine's patents. To be sure, Brandywine asks this Court to make an inferential leap by assuming that, because IKANO's "DSL service" allegedly infringes the patents-in-suit (somehow), ergo, the

---

[37] *Id*. at *8.

[38] Opp. at 10.

[39] *Id*.

4843-3205-0963. 1

unidentified "modems in question" must have been especially made or especially adapted to infringe one or more unspecified claims of the six patents in suit.[40] This reasoning is fundamentally flawed and finds no factual support in the complaint.

Thus, Brandywine has failed to state a claim for contributory infringement that meets the pleading requirements of *Iqbal* and *Twombly*; therefore, the Court should dismiss the complaint.

## V.     CONCLUSION

For the reasons set forth in its moving papers, and above, IKANO respectfully requests that this Court dismiss the complaint, in its entirety, because Brandywine has failed to state legally cognizable claims for direct infringement, active inducement of infringement, and contributory infringement.

DATED THIS 5th day of April, 2013.

PARSONS BEHLE & LATIMER

By */s/ John N. Zarian*
     John N. Zarian
     Attorneys for Defendant
     IKANO Communications, Inc.

---

[40] Opp. at 10-11.

4843-3205-0963. 1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of April, 2013, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which automatically sent email notification of such filing to all counsel who have entered an appearance in this action.

*/s/ John N. Zarian*
John N. Zarian

4843-3205-0963. 1