John N. Zarian, USB No. 13454
*PARSONS BEHLE & LATIMER*
960 Broadway Avenue, Suite 250
Boise, Idaho 83706
Telephone:  (208) 562-4900
Facsimile:  (208) 562-4901
Email: jzarian@parsonsbehle.com

Attorneys for Defendant
IKANO Communications, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| BRANDYWINE COMMUNICATIONS TECHNOLOGIES, LLC, <br><br>           Plaintiff, <br><br> v. <br><br> IKANO COMMUNICATIONS, INC., <br><br>           Defendant. | Case No. 2:12-CV-1214-DN <br> District Judge David Nuffer <br><br> **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY** |

## I.  INTRODUCTION

As explained in the motion to stay (Dkt. 18) filed by IKANO Communications, Inc. ("IKANO"), considerations of fairness, efficiency and judicial economy warrant a stay of this case pending the outcome of *Brandywine Communications Tech. v. AT&T Corp.* (the "AT&T Case") and *Brandywine Communications Tech. v. CenturyTel Broadband Svcs.* (the "CenturyTel Case").  The defendants in those actions – AT&T and CenturyTel – provide the overwhelming majority of the DSL services apparently accused of infringement in this case.  Furthermore, the earlier-filed actions are much more advanced, and key questions of claim construction and even validity are already being briefed and argued in the AT&T Case and the CenturyTel Case.

Under the circumstances, staying this case pending resolution of key threshold questions is more efficient, will simplify the issues for trial, may promote an early resolution, and will not unfairly prejudice plaintiff Brandywine Communications Technologies, LLC. ("Brandywine").

In opposition to IKANO's motion to stay, Brandywine does not even address the correct legal standard applicable to the instant motion; instead, it argues a more stringent standard that applies only in the context of appeals.  Brandywine also does not dispute that the requested stay will simplify the issues for trial, and it ignores all but one of the cases cited by IKANO in which courts have stayed later-filed cases (such as this one) under similar circumstances.  In addition, Brandywine fails to identify any credible evidence to suggest that it will be prejudiced by a stay.

For these reasons, and for the reasons described below and in the pending motion to stay, the Court should exercise its broad discretion and stay this case pending a determination of key threshold questions in the AT&T Case and the CenturyTel Case.

## II.  BRANDYWINE ARGUES THE WRONG LEGAL STANDARD AND FAILS TO ADDRESS THE FACTORS APPLICABLE TO IKANO'S MOTION TO STAY.

This Court has the inherent power to control its docket, and it has broad discretion to stay this case pending resolution of the AT&T and CenturyTel cases.[1]  In this regard, as set forth in the moving papers, all three of the factors to be considered by the Court favor a stay, namely:

1.  Whether a stay will simplify the issues in question and trial of the case;

2.  Whether discovery is complete and a trial date has been set; and,

3.  Whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.[2]

---

[1]  Motion to Stay ("Mtn.") at pp. 12-13 of 19.

[2]  *Id.* at 13.  Courts across the United States consider these same factors in evaluating motions to stay.  *E.g., Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010); *Pfizer Inc. v. Apotex Inc.*, 640 F.Supp.2d 1006, 1007 (N.D. Ill. 2009); *Pragmatus Telecom, LLC v. Advanced Store Co., Inc.*, 2012 WL 2803695, at * 2 (D. Del. July 10, 2012);

Brandywine does not discuss these three factors in its opposition, much less attempt to explain why these factors do not support a stay.  Instead, Brandywine seeks to invoke a more stringent legal standard that does not apply here, because it governs stay orders pending appeal.[3]

Brandywine also ignores the cases cited in IKANO's motion to stay in which courts (including this very Court) have applied the correct legal standard to stay patent infringement cases under circumstances very similar to those present here.[4]

In this case, for the reasons set forth in the moving papers, applying the correct legal standard and considering the relevant factors favors a stay pending resolution of the AT&T and CenturyTel Cases.  Accordingly, IKANO's motion to stay should be granted.

## III.   BRANDYWINE DOES NOT DISPUTE THAT A STAY OF THIS ACTION WILL SIMPLIFY AND CLARIFY THE ISSUES IN DISPUTE.

Applying the wrong legal standard, Brandywine argues that this action should not be stayed unless IKANO shows that the defendants in the AT&T and CenturyTel cases are likely to prevail on their counterclaims and affirmative defenses.[5]

---

*Lincoln Nat. Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*, 2010 WL 567993 (N.D. Ind. Feb. 12, 2010); *Pool Cover Specialists Nat'l, Inc. v. Cover-Pools Inc.*, 2009 WL 2999036, at *1 (D. Utah Sept. 18, 2009);*Ultra Products, Inc. v. Best Buy Co., Inc.*, 2009 WL 2843888, at *5 (D.N.J. Sept.1, 2009).

[3] *See* Opp. at 4 (citing *United Steelworkers of Am. v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003)).   In *United Steelworkers*, the Tenth Circuit remanded a case with instructions to apply the four-factor analysis articulated in *Battle v. Anderson*, 564 F.2d 388, 397 (10th Cir. 1977).  In *Battle*, the Tenth Circuit explained that this four-factor analysis applies to a "stay order pending appeal."   *Battle* at 397.   *See also Sec. Investor Prot. Corp. v. Blinder, Robinson & Co., Inc.*, 962 F.2d 960, 968 (10th Cir. 1992) (applying same four-factor analysis to motion to stay order pending appeal).

[4] Mtn. at 12-18.

[5] Opp. at 5-6.

In fact, IKANO need not predict the outcome in those cases and this Court need not determine whether the defendants in those cases are likely to prevail before granting IKANO's motion to stay.

Rather, the proper test is whether developments and/or a resolution of the AT&T and CenturyTel cases will simplify and clarify the issues in this case.

1.    _A Stay Will Simplify And Clarify Issues of Infringement In This Case._

Brandywine does not dispute that IKANO resells AT&T and CenturyTel's DSL services — the very same DSL services accused of infringement in the AT&T and CenturyTel cases. Similarly, Brandywine does not dispute that resolution of its infringement claims against AT&T and CenturyTel will simplify and clarify the issues in this case.

Instead, Brandywine argues that a stay is not appropriate here because resolution of its infringement claims against AT&T and CenturyTel will not "*completely* settle *all* infringement issues" in this case and will not "*completely* dispose of this case against IKANO."[6]    These arguments completely miss the mark, for at least three reasons.

First, Brandywine applies the wrong legal standard.  Again, the relevant consideration is whether a stay will *simplify* the issues, not whether it will *eliminate* all possible issues between the parties.[7]   Clearly, the outcome of Brandywine's infringement claims in the AT&T and CenturyTel cases is likely to have a major impact on Brandywine's claims for infringement in this case and will simplify the issues for trial.

---

[6] Opp. at 6 (emphasis added).

[7] Courts have rejected the very argument made by Brandywine in evaluating motions to stay pursuant to the customer suit exception to the first-to-file rule.  *E.g., Ultra Products, Inc. v. Best Buy Co., Inc.*, 2009 WL 2843888, at *5 (D.N.J. Sept. 1, 2009) (citing *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) for the proposition that a case against a manufacturer "need only promise to resolve the 'major issues' concerning the claims against the customer, and not every conceivable issue.")  Whether AT&T and CenturyTel's DSL services infringe the patents-in-suit is undoubtedly a "major issue" in this case.

4

4853-0571-3171.1

Second, more than 90% of the DSL services resold by IKANO are provided by AT&T and Verizon.[8]  Verizon's DSL services are no longer subject to a claim of infringement, because Verizon now has a license to these patents.[9]  Accordingly, a determination that AT&T's DSL service does not infringe the patents-in-suit would resolve nearly 90% of Brandywine's infringement claims directed to IKANO's DSL services.  To say that such an outcome would simplify the issues for trial is, if anything, an understatement.[10]

Third, the assertion that AT&T and CenturyTel do not provide D-Link and Comtrend modems is of no consequence.[11]  As explained in the moving papers, these modems *cannot* infringe the patents-in-suit because Broadcom, the manufacturer of the chipsets in the D-Link and Comtrend modems, is a *licensee* of the patents-in-suit.[12]  Thus, IKANO, AT&T and CenturyTel (and everyone else) *all* have a right to sell these modems, and whether or not AT&T and CenturyTel actually sell D-Link and Comtrend modems is irrelevant.

---

[8] Supplemental Declaration of George Mitsopolus, ¶ 3.

[9] *See* Opp. at 3.

[10] Brandywine attempts to distinguish *Leviton Mfg. Co., Inc. v. Interline Brands, Inc.* by arguing that the instant case is not "duplicative" of the AT&T and CenturyTel Cases.  (Opp. at 7.) According to Brandywine, this is not an instance where "essentially the same issues [will] be tried" in this case and in the AT&T and CenturyTel cases. (*Id.*)  Like Brandywine's other arguments, this distinction is misplaced because it applies the wrong legal standard.  In any event, whether AT&T and CenturyTel's DSL services infringe Brandywine's patents is, in fact, largely duplicative of whether the DSL services resold by IKANO (*i.e.*, AT&T and CenturyTel's DSL services resold by IKANO) infringe the same patents.

[11] Opp. at 6.

[12] As explained in the moving papers, since January 1, 2007, each of the DSL modems provided by IKANO to its retail customers and resellers was purchased by IKANO from one of two manufacturers, D-Link and Comtrend.  Declaration of George Mitsopolus (Dkt. 20), ¶ 4.

2.      _Resolution Of Invalidity Counterclaims In The AT&T And CenturyTel Cases
        Could Be Dispositive And, At A Minimum, Will Simplify The Issues For Trial._

The defendants in the AT&T and CenturyTel Cases have asserted counterclaims for invalidity of the patents-in-suit, and the court in the CenturyTel case is soon expected to address issues impacting the validity of several claims in its forthcoming _Markman_ Order.[13]

Brandywine does not dispute that a claim construction order and/or an order invalidating certain claims of the patents-in-suit will simplify the issues for trial in this case. Instead, Brandywine argues categorically that a stay is not warranted because "invalidity defenses are often difficult to prove" and "are frequently not settled at the summary judgment stage."[14] Of course, as discussed above, the likelihood of prevailing is not one of the factors to be considered by this Court in evaluating IKANO's motion to stay.

For similar reasons, there is no merit to Brandywine's argument that, "[i]n all likelihood, CenturyTel and AT&T will not prevail on all of their invalidity counterclaims, and staying this case until resolution of those counterclaims will not amount to much in terms of savings."[15] The argument is based on an incorrect legal standard, and _CenturyTel_ and _AT&T_ need not be likely to resolve all issues of invalidity in order for the Court to stay this case.[16]  Rather, it is enough for purposes of the correct analysis that a stay here is very likely to clarify and simplify the central issues in this case.

---

[13] Mtn. at 9-10.

[14] Opp. at 5.

[15] _Id_. at 10.

[16] _E.g., Katz,_ 909 F.2d at 1464; _Pool Cover Specialists_, 2009 WL 2999036, at *1; _Pragmatus,_ 2012 WL 2803695, at * 1.

6

IV.   **THIS CASE IS IN THE VERY EARLY STAGES, AND BRANDYWINE WILL NOT BE PREJUDICED OR TACTICALLY DISADVANTAGED BY A STAY.**

As discussed in IKANO's moving papers, Brandywine is a non-practicing entity and, as such, will not and cannot suffer any meaningful prejudice or a tactical disadvantage as a result of a stay in this case.[17]   In the opposition, Brandywine does not even address this argument. Instead, it argues that it will be irreparably harmed by a stay for two reasons, neither of which has merit.

First, in a single sentence, and without legal support, Brandywine essentially claims that it is entitled to a prompt resolution of this dispute.[18]   Of course, this argument ignores all other considerations surrounding the many dozens of lawsuits filed by Brandywine, as well as the fact that judicial economy is best served by staying cases (like this one) where the parties are likely to expend considerable resources litigating issues that will be decided in earlier suits filed in other venues.   If a plaintiff could defeat a motion to stay simply by claiming entitlement to "prompt resolution," courts would be largely stripped of authority to effectively manage their dockets.

Second, Brandywine argues that it will be irreparably harmed somehow by the *potential* loss of unspecified evidence.[19]   This assertion is as implausible as it is conclusory.   Brandywine is a serial litigant, having filed nearly 100 lawsuits during the last two years, all alleging infringement of the same patents-in-suit.   Presumably, Brandywine conducted Rule 11 pre-filing investigations and relied on some evidence before filing each of those cases, and presumably, Brandywine has taken active steps to preserve such evidence.   In this patent infringement case, there is no reason to believe that there is any appreciable risk of losing any significant evidence.

---

[17] Mtn. at 17-18.

[18] Opp. at 8.

[19] *Id.*

In particular, the fact that the inventors of the asserted patents are "in or nearing retirement"[20] does not render them incapable of testifying in this case in a year or two, if necessary, should this case be stayed.  Brandywine asserts that these inventors are "likely to be important witnesses," but does not explain why.[21]  If the inventors are important witness concerning the scope or meaning of the asserted patents, then their depositions will surely be taken (and their testimony preserved) concerning the same issues in the AT&T Case and/or the CenturyTel Case, or in any of the other dozens of cases Brandywine filed before suing IKANO.

In sum, Brandywine raises no credible argument and points to no evidence to suggest that it will be prejudiced by a stay.  Accordingly, the Court should grant IKANO's motion to stay.

## V.   THE COURT SHOULD STAY THIS CASE FOR AS LONG AS MAY BE WARRANTED, AND ANY STAY CAN BE REVISITED PERIODICALLY.

For the reasons set forth in the moving papers and above, considerations of fairness, efficiency and judicial economy favor staying this case pending final judgment in the AT&T Case and the CenturyTel Case.   However, this Court has discretion to stay the case for as long as may be warranted and under such considerations as the Court deems just and proper.

At a minimum, IKANO submits, this case should be stayed until after the courts in the AT&T and CenturyTel cases enter their claim construction orders.  As a practical matter, those orders may or may not be dispositive of Brandywine's claims against IKANO in this case, but they are likely to avoid an extraordinary amount of effort by these litigants and this Court, are very likely to simplify the issues for trial here, and may lead to an early settlement of this case.

---

[20] *Id*.

[21] *Id*.

Claim construction briefing is closed in the CenturyTel Case, and Judge Honeywell's claim construction order is pending.  In the AT&T case, claim construction discovery closes today (April 5, 2013), and a claim construction hearing is scheduled for June 13, 2013.

Under the circumstances, and at a minimum, a stay through claim construction in the AT&T and CenturyTel cases is not prejudicial and will serve the interests of judicial economy. Upon entry of such claim construction orders, this Court can set a status conference to consider the pendency of the stay and the status of the claims in this case, if they have not been resolved.

## VI.      CONCLUSION

For all of the foregoing reasons, IKANO submits that the Court should grant its motion to stay pending proceedings in the AT&T and CenturyTel cases.


DATED THIS 5th day of April, 2013.

PARSONS BEHLE & LATIMER



By /s/ John N. Zarian
    John N. Zarian
Attorneys for Defendant
IKANO Communications, Inc.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 5th day of April, 2013, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which automatically sent email notification of such filing to all counsel who have entered an appearance in this action.


*/s/ John N. Zarian*
John N. Zarian

4853-0571-3171.1