John N. Zarian, USB No. 13454
*PARSONS BEHLE & LATIMER*
960 Broadway Avenue, Suite 250
Boise, Idaho 83706
Telephone:  (208) 562-4900
Facsimile:  (208) 562-4901
Email: jzarian@parsonsbehle.com

Attorneys for Defendant
IKANO Communications, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| BRANDYWINE COMMUNICATIONS TECHNOLOGIES, LLC,<br><br>           Plaintiff,<br><br>v.<br><br>IKANO COMMUNICATIONS, INC.,<br><br>           Defendant. | Case No. 2:12-CV-1214-DN<br>District Judge David Nuffer<br><br>**DEFENDANT'S UNOPPOSED MOTION TO STAY PENDING RESOLUTION OF PLAINTIFF'S MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS** |

## <u>RELIEF SOUGHT AND GROUNDS FOR MOTION</u>

Pursuant to DUCIvR 7-1, defendant IKANO Communications, Inc. ("IKANO") respectfully moves this Court for an order staying the proceedings in this matter pending resolution of plaintiff Brandywine Communications Technologies, LLC's Motion to Transfer to the Middle District of Florida Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings (the "Motion to Transfer"), filed on May 16, 2013.

The instant motion to stay is unopposed.

The Court should grant this unopposed motion to stay for at least three reasons. First, staying this case pending resolution of Brandywine's Motion to Transfer will promote efficiency and judicial economy, and will prevent the parties from incurring substantial fees and expenses associated with duplicative (and potentially unnecessary) discovery and claim construction.

Second, the requested stay will minimize the risk of inconsistent rulings.

Third, this Motion is unopposed, and it is undisputed that neither Brandywine nor IKANO will suffer prejudice if the Motion is granted.

For these reasons, and for the reasons set forth in the following Memorandum of Points and Authorities, the Court should grant this unopposed motion and stay these proceedings pending the outcome of Brandywine's pending Motion to Transfer.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.  INTRODUCTION**

This case is one of more than 40 patent infringement cases filed by Brandywine Communications Technologies, LLC ("Brandywine") in more than 20 district courts across the United States. In each case, Brandywine asserts that the defendant infringed six patents (the "Brandywine Patents").

Brandywine filed this lawsuit in December 2012, and has since sued more than a dozen additional defendants for allegedly infringing the Brandywine Patents.

Brandywine now seeks to consolidate these cases and to transfer them (including this case) to the Middle District of Florida under the direction of the Judicial Panel on Multidistrict Litigation ("the MDL Panel").

Under the circumstances, the Court should grant this unopposed motion (the "Unopposed Motion to Stay") and stay this matter pending the MDL Panel's resolution of the pending Motion to Transfer, for at least three reasons.

<u>First</u>, granting the Unopposed Motion to Stay is consistent with the interests of efficiency and judicial economy.  A stay will prevent Brandywine and IKANO from incurring significant expenses associated with the rapidly approaching discovery and claim construction deadlines in this matter.  Indeed, if this case is transferred to the Middle District of Florida, the parties will be required to submit separate discovery and claim construction disclosures in accordance with the rules of the Middle District of Florida.  Staying this case will protect the parties from the inevitable waste of resources associated with completing these disclosures in two separate district courts – each with their own rules, procedures, requirements, and timelines.

<u>Second</u>, granting this Unopposed Motion to Stay will not prejudice Brandywine or IKANO. To the contrary, a stay will enable the parties to conserve significant resources that will be wasted in this case if this matter is indeed transferred to the Middle District of Florida.

<u>Third</u>, although this Court denied an earlier request to stay these proceedings pending the outcome of two earlier-filed cases, the Court indicated that it might consider staying the case "at a later time." IKANO submits that, because of the newly filed Motion to Transfer, this is an appropriate time for the Court to reconsider a stay of these proceedings. Brandywine's Motion to Transfer changed the landscape of this litigation significantly and warrants revisiting a stay.

For these reasons, and for the reasons described below, the Court should grant IKANO's Unopposed Motion to Stay pending resolution of Brandywine's pending Motion to Transfer.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.  Brandywine's Sweeping Litigation Campaign

During the last eighteen months, Brandywine has sued more than 100 companies for patent infringement in dozens of district courts across the United States. Brandywine launched its aggressive litigation campaign on August 12, 2011 by filing a complaint and asserting the Patents-in-Suit against Verizon Communications, Inc., CenturyLink, Inc., AT&T Corp., and EarthLink, Inc. in the Middle District of Florida.[1]  On February 17, 2012, that court severed Brandywine's claims and ordered Brandywine to file separate actions against each of the four defendants.[2]

On February 21, 2012, in response to the court's foregoing order, Brandywine filed the following four complaints in the Middle District of Florida:

---

[1] Declaration of John Zarian in Support of IKANO's [First] Motion to Stay ("Zarian Decl.") [Dkt. 19] at ¶ 4, Exh. 2.
[2] *Id*. at ¶ 6, Exh. 3 (Order) at p. 3.

- *Brandywine Communications Technologies, LLC v. AT&T Corp., et al.* (6:12-CV-00283) (the "AT&T Case")

- *Brandywine Communications Technologies, LLC v. Verizon Communications, Inc., et al.* (6:12-CV-00284) (the "Verizon Case");

- *Brandywine Communications Technologies, LLC v. EarthLink, Inc.* (6:12-CV-00285) (the "EarthLink Case"); and

- *Brandywine Communications Technologies, LLC v. CenturyLink, Inc. & CenturyTel Broadband Services, LLC* (6:12-CV-00286) (the "CenturyTel Case").[3]

The Verizon Case and the EarthLink Case were dismissed (and presumably settled). The CenturyTel Case is pending, and the AT&T Case was transferred to the Northern District of California, where it is pending too.[4]

Between December 23, 2012 and January 24, 2013, Brandywine filed a second wave of litigation, suing 70 additional companies (including IKANO) in 21 district courts for alleged infringement of the Patents-in-Suit.[5] In March 2013, Brandywine filed four more cases.

**B.    The Hearing on IKANO's Motion to Stay Pending Resolution of the AT&T and CenturyTel Cases, and the Parties' Proposed Scheduling Order**

On March 15, 2013, IKANO filed a motion to stay[6] pending resolution of the AT&T and CenturyTel Cases. Because the AT&T and CenturyTel cases involve similar issues of infringement and validity at issue in this case, IKANO argued that a stay would simplify and clarify the issues in this case.[7] IKANO also argued that the requested stay was warranted because this case was in the very early stages and because Brandywine would not be prejudiced by a stay.[8]

---

[3] Zarian Decl. ¶¶ 7-10 and Exhs. 4-7.
[4] *Id.* at ¶ 14.
[5] *See id.* ¶ 4 and Exh. 1.
[6] Dkt. 18
[7] *Id.* at 9-13.
[8] *Id.* at 13-14.

DEFENDANT'S UNOPPOSED MOTION TO STAY - 5

Brandywine opposed the motion. On March 29, 2013, Brandywine filed its Opposition to Defendant's Motion to Stay,[9] and on April 5, 2013, IKANO filed its Reply in Support of its Motion to Stay.[10]

On May 7, 2013, the Court held a hearing and denied IKANO's Motion to Stay "at this point."[11] Although the Court denied the motion to stay, the Court stated that it might reconsider that ruling: "I may at a later point reconsider [the motion to stay]. But I believe we can move ahead with some preliminary matters."[12]

On May 14, 2013, as directed, the parties jointly submitted a proposed Scheduling Order.[13] Under the terms of the Proposed Scheduling Order, IKANO must identify the types of DSL service it offered and continues to offer;[14] thereafter, Brandywine must serve its LPR 2.2 Initial Infringement Contentions by June 18, 2013.[15] Under the Proposed Scheduling Order, IKANO's Initial Non-Infringement, Unenforceability, and Invalidity Contentions are due on July 2, 2013.[16]

## C.    Brandywine's Newly-Filed Motion to Transfer

On May 16, 2013, Brandywine filed its Motion to Transfer.[17]

In the Motion to Transfer, Brandywine moves to consolidate this case with 40 other cases involving the same patents-in-suit, and to transfer this case to the Middle District of Florida. Brandywine argues that the Middle District of Florida "is the most appropriate jurisdiction for

---

[9] Dkt. 25.
[10] Dkt. 29.
[11] Minute Order (Dkt. 35); Reporter's Transcript of Proceedings, attached as Exhibit 1 at 7.
[12] Reporter's Transcript at 7.
[13] Dkt. 36.
[14] *Id*. at ¶ 1a.
[15] *Id*. at ¶ 1d.
[16] *Id*. at ¶ 1g.
[17] Motion to Transfer, attached hereto as Exhibit 2.

DEFENDANT'S UNOPPOSED MOTION TO STAY - 6

the proposed centralization."[18]   Brandywine also asserts that the 41 cases it filed (including this

case) "involve common questions of fact concerning the interpretation, infringement, validity,

and enforceability" of the Brandywine Patents.[19]   According to Brandywine, centralizing these

41 cases will "promote the just and efficient conduct of the cases by eliminating duplicative

discovery, preventing inconsistent pretrial rulings (for example on claim construction issues),

and conserving the resources of the parties, their counsel, and the judiciary."[20]

IKANO's response to Brandywine's Motion to Transfer is due on June 7, 2013.[21]

On Friday, May 17, 2013, Brandywine's counsel advised IKANO's counsel that

Brandywine would not oppose this Unopposed Motion to Stay.

## III.   ARGUMENT

This Court's broad discretion to grant a stay in pending litigation is rooted in the inherent

power to control its docket.[22]   In particular, "[c]ourts frequently grant stays pending a decision

by the MDL Panel regarding whether to transfer a case."[23]   As the Manual for Complex

---

[18] *Id.* at 1.

[19] *Id.*

[20] *Id.*

[21] *See Brandywine Communications Technologies v. IKANO Communications*, MDL No. 2462, UT/2:12-CV, Briefing Schedule (Dkt. 2).

[22] *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for the litigants"); *Larson Archery Co. v. Mathews, Inc.*, 1:11-CV-126 TS, 2013 WL 139472 (D. Utah Jan. 10, 2013) (granting motion to stay patent infringement case pending reexamination of patent); *see also Colo. River Water Conservation Dist. v. U.S.,* 424 U.S. 800, 817 (1976) ("[A]s between federal district courts....the general principal is to avoid duplicative litigation.").

[23] *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (granting motion to stay pending final decision by the MDL Panel because such a stay "would further the aim of judicial efficiency"); *Deutsche Bank Trust Co. Americas v. Fushimi*, No. 11-CV-02472-REB-KMT, 2011 WL 5864987, at *4-5 (D. Colo. Nov. 22, 2011) (granting motion to stay pending MDL Panel's impending decision on motion to transfer and motion to consolidate 21 cases); *U.S. Bank v. Royal Indem. Co.*, CIV.A.3:02-CV-0853-P, 2002 WL 31114069, at *2 (N.D. Tex. Sept.

Litigation explains, a "stay pending the Panel's decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well."[24]

Patent cases are no exception, and district courts have stayed actions for patent infringement pending the MDL Panel's resolution of a motion to transfer.

For example, in *Automated Transactions, LLC v. Bath Sav. Inst.*, the District of Maine stayed the proceedings in a patent case pending the MDL Panel's order on a motion to consolidate and transfer three cases involving the same patents to the District of Delaware.[25] The Court held that a stay was warranted to prevent duplicative discovery that would arise if the motion to transfer were granted and to minimize the risk of inconsistent rulings. *Id*. at *1-2. The Court also noted that granting the stay would not lead to hardship or inequity because "little or no judicial resources" would be expended during the pendency of the stay. *Id*. at *1-2.

Here, as in *Automated Transactions*, the Court should grant this Unopposed Motion to Stay to prevent duplicative discovery and to minimize inconsistent rulings. If the Motion to Stay is not granted, the parties will incur significant (and potentially unnecessary) expenses. For example, under the parties' Proposed Scheduling Order (submitted two days before Brandywine filed its Motion to Transfer) the parties are required to disclose their Initial Infringement Contentions and Initial Non-Infringement, Unenforceability, and Invalidity Contentions on June 18, 2013 and July 2, 2013, respectively. It is unlikely that the MDL Panel will rule on the Motion to Transfer by July 2, 2013. Therefore, if this case is not stayed, and if the MDL Panel

---

23, 2002) (granting motion to stay and noting, "If the MDL motion is granted, all of the Court's time, energy and acquired knowledge regarding this action and its pretrial will be wasted.").
[24] MANUAL FOR COMPLEX LITIGATION (Fourth) § 22.35 (2004).
[25] *Automated Transactions, LLC v. Bath Sav. Inst.*, 2:12-CV-393-JAW, 2013 WL 1346470 (D. Me. Mar. 14, 2013) *report and recommendation adopted,* 2:12-CV-00393-JAW, 2013 WL 1346409 (D. Me. Apr. 3, 2013).

transfers this case to the Middle District of Florida, the parties will have to "redo" discovery and claim construction disclosures pursuant to the requirements of the Middle District of Florida. This will result in a tremendous waste of resources for both parties.

In addition, as with the stay in *Automated Transactions*, granting the Unopposed Motion for Stay will not prejudice Brandywine or IKANO because "little to no judicial resources" will be expended during the pendency of the stay.[26]   To the contrary, *denying* the motion to stay risks harming the parties by forcing Brandywine and IKANO to engage in duplicative (and potentially unnecessary) discovery and duplicative (and potentially unnecessary) claim construction disclosures.

Finally, as noted above, on May 7, 2013 and before Brandywine filed its Motion to Transfer, this Court indicated that it might reconsider staying this case "at a later point."[27] IKANO respectfully submits that this is an appropriate time to reconsider the matter. Brandywine's Motion to Transfer significantly changed the landscape of this case and warrants the requested stay for all of the reasons discussed above.

## IV.  CONCLUSION

For all of the foregoing reasons, the Unopposed Motion to Stay should be granted, and this Court should stay all further proceedings pending the outcome of the MDL Panel's decision on Brandywine's Motion to Transfer.

---

[26] *See Automated Transactions*, 2013 WL 1346470, at *2.
[27] Exh. 1, Reporter's Transcript at 7.

DATED this 20th day of May, 2013.


                              PARSONS BEHLE & LATIMER



                              By /s/ John N. Zarian
                                  John N. Zarian
                              Attorneys for Defendant
                              IKANO Communications, Inc.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 20th day of May, 2013, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which automatically sent email notification of such filing to all counsel who have entered an appearance in this action.


*/s/ John N. Zarian*
John N. Zarian


4840-4074-9330.2

DEFENDANT'S UNOPPOSED MOTION TO STAY - 11